**UNITED STATES of America, Plaintiff,**

v.

**Novenda L. COOK, Defendant.**

**Crim. No. A:88–00250.**

United States District Court,
S.D. West Virginia,
Parkersburg Division.

June 15, 1989.

Mary S. Feinberg, Asst. U.S. Atty., Charleston, W.Va., for plaintiff.

William B. Richardson, Jr., Richardson & Richardson, Parkersburg, W.Va., for defendant.

## MEMORANDUM OPINION

HADEN, Chief Judge.

Following a jury trial the Court sentenced the Defendant on May 22, 1989, to concurrent terms of imprisonment of six months for three convictions of cocaine distribution. The offenses charged in Counts One and Two occurred prior to November 1, 1987, while the offense charged in Count Three occurred after that date. The portion of the sentence attributable to Count Three was determined pursuant to the guidelines promulgated by the United States Sentencing Commission as authorized by the provisions of 28 U.S.C. § 994.

At the sentencing hearing, the Court calculated a total Offense Level of 10 and a Criminal History Category of I to be appropriate for the Defendant. Finding no aggravating or mitigating factors which might warrant a departure from the resulting guideline range of six to twelve months, the Court sentenced Ms. Cook at the lower end of the range and imposed a six-month term of imprisonment of Count Three with concurrent six-month sentences on Counts One and Two, to run concurrently with the sentence imposed on Count Three.[1]

The sentence imposed provided that it could be satisfied by incarceration of the Defendant for three months at a community treatment center, followed by a three month term of supervised release. The sentence is an obvious misapplication of the sentencing law. This sentencing alternative is not one authorized by the Sentencing Guidelines, although the Court thought otherwise. Section 5C2.1(c)(3) provides in pertinent part as follows:

> "If the minimum term of imprisonment in the applicable guideline range in the Sentencing Table is at least one but not more than six months, the minimum term may be satisfied by ... a sentence of imprisonment that includes a term of supervised release with a condition that substitutes [one month of community

---

**1.** In addition to the committed sentences, the Court imposed four-year special parole terms on Counts One and Two and a four-year term of supervised release on Count Three, all to run concurrently with one another, as well as a special assessment of $150.00, pursuant to 18 U.S.C. § 3013, for the three felony convictions.

confinement for one month of imprisonment] provided that at least one-half of the minimum term, but in no event less than one month, is satisfied by imprisonment."

This section thus allows the sentencing judge discretion to decide that a six-month term of imprisonment may be satisfied by a sentence of imprisonment for a period of three months followed by further confinement at a community treatment center for three months if adopted as a condition of supervised release.

The six-month sentence imposed on Count Three was within the appropriate guideline range. The three-month confinement at a community treatment center, halfway house or similar residential facility, however, did not accurately reflect the Court's intent. Although the Judgment Order entered on May 23, 1989, accurately states the total sentence length imposed, it was the Court's intention to allow the Defendant the benefit of Section 5C2.1(c)(3) only as provided therein. That those provisions were misinterpreted and misstated by the Court is abundantly clear now.[2]

An incorrect sentence is subject to appellate review and correction. *See* 18 U.S.C. § 3742 and *Rule* 35(a), Federal Rules of Criminal Procedure. Section 3742 and *Rule* 35, as recently amended, became effective on November 1, 1987. Each refers only to appellate review of guidelines sentences and subsequent correction of sentences imposed in violation of law, or imposed as a result of an incorrect application of the Sentencing Guidelines, or imposed plainly unreasonbably. Although the version of *Rule* 35(a) in effect prior to November 1, 1987, allowed the district court to correct its own errors in sentencing, there now appears to be no authority for corrective action absent direction from the appellate court.

These recently enacted review provisions, therefore, present this Court with the following conundrum: the realization of the sentencing court that it imposed a plainly incorrect sentence coupled with no explicit authority for that court to correct it.

Faced with this dilemma, the Court can choose: (1) to do nothing; (2) to suggest to the "aggrieved" party, in this case the United States, that an appeal for sentence correction may be in order; or, (3) on its own motion, to correct the sentence.

The Court rejects the first alternative, inaction, as unacceptable because the sentence imposed is contrary to the Guidelines and it does not adequately reflect the seriousness of Defendant's conduct.

The second alternative is rejected so as to avoid the appearance of suggesting favor to one adversary's cause over the opponent.

The third and workable alternative, which the Court adopts and exercises within its perceived inherent powers, is to correct a blunder of its own making. The Court does so in an attempt to avoid the significant expenses of time and money involved in an appeal to correct obvious error, the rationale being to spare the parties and the criminal system further burdens.

Although the district courts seem to have been divested of all statutory and rule authority to correct their own sentencing errors, the Court does not believe that Congress intended to require that an appeal be taken in a case in which the error in the Guidelines application is plain. The Court is of the opinion that the exercise of its inherent powers to correct a misapplication of sentencing reform would not be inconsistent with the legislative intent underlying the provisions for sentence review. *See* Sen.Rep. No. 225, 98th Cong., 2d Sess. 149–155, *Reprinted in* 1984 U.S.Code Cong. & Ad.News, 3182, 3332–38. Accordingly, the Court will amend the Judgment Order to reflect the correct sentence.

---

**2.** Alternatively, the Court could find and conclude that the sentence imposed occurred by oversight. Such a determination would allow correction of the sentence in accordance with

*Rule* 36. The instant error, however, was the result of an initial misinterpretation of Section 5C2.1(c)(3) and, therefore, was more than mere oversight by the Court.