UNITED STATES of America,
Plaintiff–Appellee,

v.

Novenda L. COOK,
Defendant–Appellant.

No. 89–5622.

United States Court of Appeals,
Fourth Circuit.

Argued Oct. 6, 1989.

Decided Nov. 22, 1989.

William B. Richardson, Jr., for appellant.

Jacquelyn I. Custer, Sp. Asst. U.S. Atty., Charleston, W.Va., for appellee.

Before SPROUSE and WILKINS, Circuit Judges, and BRITT, Chief Judge for the Eastern District of North Carolina, sitting by designation.

WILKINS, Circuit Judge:

Novenda L. Cook appeals the sentence imposed upon her after conviction for distributing cocaine. She also appeals the decision of the district court that she was not entitled to consideration for probation. We affirm in part, reverse in part and remand for resentencing.

I.

On March 1, 1989 Cook was convicted of distributing approximately six grams of cocaine.[1] 21 U.S.C.A. § 841(a)(1) (West 1981). At her sentencing hearing held on May 22, 1989, the district court correctly determined that Cook's offense level was 10, criminal history category was I, and resulting sentencing range was 6 to 12 months. The district court rejected Cook's contention that she was entitled to consideration for probation, concluding that Cook's offense was a Class B felony at the time of the offense and thus pursuant to 18 U.S.C.A. § 3561(a) (West Supp.1989) she

---

[1] Cook was convicted of three counts. Counts One and Two were pre-sentencing guidelines offenses and Count Three was subject to the sentencing guidelines. As to Counts One and Two, she received sentences concurrent with the guidelines sentence. The preguidelines sentences are not at issue.

was not entitled to be considered for probation.[2]

Because the minimum term of imprisonment in the resulting sentencing range was "at least one but not more than six months," a sentence within the guidelines should be imposed in accordance with U.S.S.G. § 5C2.1(c). Under this section the district court had three options: (1) the defendant could have been sentenced to imprisonment for a term between 6 and 12 months; (2) the defendant could have been sentenced to probation with the condition that the defendant serve a term of intermittent confinement or community confinement in accordance with sections 5C2.1(e)(1) and (2); or (3) the defendant could have been sentenced to imprisonment for a minimum of three months followed by supervised release with a condition of a minimum of three months of intermittent or community confinement. The district judge stated that he intended to sentence within the guidelines under the third option of section 5C2.1(c). However, in pronouncing sentence the district judge actually sentenced Cook to three months of community confinement followed by three months of supervised release.

Neither Cook nor the government objected to this sentence, and Cook was released pending notification of a date to report to a local community confinement facility. As the district judge reported in an order issued approximately three weeks later, he subsequently realized that he had incorrectly interpreted section 5C2.1(c). Without notice to the parties the district judge then *sua sponte* issued an amended judgment and sentencing order that changed Cook's sentence to three months imprisonment followed by supervised release with the requirement that Cook serve an additional three months in a community confinement facility. Although it is undisputed that the amended sentence is the sentence that the

district judge intended to impose and would have imposed had he not misinterpreted section 5C2.1(c), our inquiry does not end here.

## II.

■ Cook contends that the district court had no authority to amend the original sentence. Prior to November 1, 1987, Rule 35 of the Federal Rules of Criminal Procedure allowed a sentencing judge substantial latitude to amend a sentence after the public sentencing hearing. Cook contends that the present rule allows a district court to amend a sentence only by correcting the sentence on remand. Fed.R.Crim.P. 35(a). Thus, Cook argues that the district court had no power to amend the sentence unless one of the parties appealed and we determined that the sentence was illegal, imposed as a result of an incorrect application of the guidelines, or outside the guidelines range and unreasonable. 18 U.S.C.A. §§ 3742(e) and (f) (West Supp. 1989). We note that Rule 36 provides that a district court may correct a clerical mistake in a judgment. Fed.R.Crim.P. 36. However, under these circumstances Rule 36 provides no authority to amend the original sentence. As the district judge correctly stated, he did not make a clerical error but rather an error in interpreting the sentencing guidelines.

Congress amended Rule 35 as part of the Sentencing Reform Act of 1984, Pub.L. No. 98–473, Title II, § 215(b), 98 Stat. 1837, 2015. The legislative history indicates that Congress amended Rule 35 so that it would accord with 18 U.S.C.A. § 3742 concerning appellate review of sentences. S.Rep. No. 225, 98th Cong., 2d Sess. 158, *reprinted in* 1984 U.S.Code Cong. & Admin.News 3182, 3341. The underlying purpose was to impose on the new sentencing system a re-

---

**2.** The maximum sentence for Cook's offense was 20 years. 21 U.S.C.A. § 841(b)(1)(C) (West Supp.1989). When Cook committed the offense, a Class B felony was an offense having a maximum penalty of 20 or more years imprisonment. 18 U.S.C.A. § 3559(a)(1)(B) (amended 1988). At the time of Cook's conviction and sentencing, a statutory change classified her of-

fense as a Class C felony (a felony carrying a maximum penalty of 10 or more but less than 25 years imprisonment). 18 U.S.C.A. § 3559(a)(3) (West Supp.1989). While, as a matter of law, probation is not an available sentence for a Class B felony, it is an option for a Class C felony.

quirement that the sentence imposed in the public forum during the sentencing hearing would remain constant, immune from later modification.[3] We do nothing to change this clear expression of congressional intent. But this is an unusual case and we recognize the inherent power in a court to correct an acknowledged and obvious mistake.

This inherent power is not without limitation, for at some point every sentence must become final. As we indicated in *United States v. Lundien*, 769 F.2d 981 (4th Cir. 1985), *cert. denied*, 474 U.S. 1064, 106 S.Ct. 815, 88 L.Ed.2d 789 (1986), it would be fundamentally unfair and a violation of due process to allow a district court to enhance a sentence "after the defendant has served so much of his sentence that his expectations as to its finality have crystallized." *Id.* at 987. Therefore, we hold that the authority to modify a sentence to correct an acknowledged and obvious mistake exists only during that period of time in which either party may file a notice of appeal. After that time, we believe that the sentence has become final, and the district court lacks any authority to modify it.

We emphasize that our holding is a very narrow one. The power of a district court to amend a sentence does not extend to a situation where the district judge simply changes his mind about the sentence. Nor should this be interpreted as an attempt to reenact former Rule 35 by judicial edict. Our decision is limited to the case where the district court states that a particular kind of sentence is to be imposed and then imposes a different sentence solely because of an acknowledged misinterpretation of the pertinent guidelines section. Here, the district judge specifically stated that he intended to sentence Cook under section 5C2.1(c) of the guidelines. However, because of misinterpretation, the sentence he then imposed was not authorized by this section nor was it a sentence based on a departure from the guidelines pursuant to 18 U.S.C.A. § 3553(b) (West Supp.

1989). Additionally, the sentence was not a lawful one, for 18 U.S.C.A. § 3583(a) (West Supp.1989) authorizes the imposition of a term of supervised release only to follow a term of imprisonment. Because the time for the government to file a notice of appeal had not expired, the district court had the power to correct the sentence to comply with his stated and intended purpose to sentence pursuant to section 5C2.1(c). The defendant has no claim of prejudice, for the sentence she ultimately received was the sentence the district judge stated at the sentencing hearing that he intended to impose. Indeed, it was the minimum sentence authorized by section 5C2.1(c).

The district court did err by increasing the sentence in the absence of the defendant. Fed.R.Crim.P. 43(a). Therefore, we remand for resentencing so that a proper sentence can be imposed in the public forum after notice to the defendant.

## III.

Cook also contends that the district judge erred by concluding that he was prohibited from considering her for probation because her offense of conviction at the time of commission was classified as a Class B felony. Cook argues that at the time of sentencing, her offense had been statutorily reclassified as a Class C felony thereby making her eligible for consideration for probation. 18 U.S.C.A. § 3561(a) (West Supp.1989). She contends that the district court was required to consider:

the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines that are issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)(1) and that are in effect on the date the defendant is sentenced.

18 U.S.C.A. § 3553(a)(4) (West 1985). This reference gives little support to Cook's contention, for on its face it is clear that Congress was addressing guidelines sentences as promulgated by the Sentencing

---

**3.** *But see* Fed.R.Crim.P. 35(b) which allows for a reduction of sentence upon a motion of the government to reflect the defendant's subsequent substantial assistance.

Commission. In addition, the legislative history confirms that Congress was addressing only changes in the guidelines through the amendment process and not statutory changes produced by enactments of Congress. S.Rep. No. 225, 98th Cong., 1st Sess. 77–78 (1983). Whether Cook was eligible for consideration for probation at her sentencing was not a matter determined by the guidelines but by statute.[4]

Resolution of this issue comes from application of 1 U.S.C.A. § 109 (West 1985), which provides that "[t]he repeal of any statute shall not have the effect to release or extinguish any penalty ... incurred under such statute, unless the repealing Act shall so expressly provide...." In *Alvarado v. McLaughlin*, 486 F.2d 541 (4th Cir. 1973), we held that the term "penalty" in section 109 "embraces ... the sentence imposed by the court." *Id.* at 544. We noted in *Alvarado* that a subsequent statutory change making administrative parole available to certain offenders was not a part of the penalty imposed by the court. *Id.* at 544 n. 8. There, a statutory change making parole available to inmates who committed their offenses at a time when parole was unavailable favorably affected the inmates' eligibility. A change in administrative parole eligibility did not change "any penalty" and thus did not operate contrary to section 109. *Id.* Here, however, because probation, if imposed, must be imposed as part of the sentence pronounced at the sentencing hearing, it is included within the definition of "any penalty."

At the time Cook committed the offenses for which she was sentenced, probation was not, by statute, a penalty which could be imposed. 18 U.S.C.A. § 3561(a) (West Supp.1989). Thus, section 109 prevents a statutory change in offense classification that occurs between the time of the violation and subsequent sentencing from making probation an available penalty at sentencing. Therefore, the district court correctly concluded that Cook was not entitled to consideration for probation.

### IV.

In conclusion, we hold that under these unusual circumstances the district court had the power to *sua sponte* correct the sentence resulting from its acknowledged error in interpreting the sentencing guidelines. We emphasize that this decision should not be interpreted as an avenue of future opportunity to modify sentences except under the specific circumstances presented here. We believe that as experience in sentencing under the guidelines increases, this situation will rarely occur. We also hold that the district court erred by increasing Cook's sentence without providing her an opportunity to be present and by not pronouncing the sentence in the public forum. Finally, we affirm the holding of the district court that Cook is not entitled to consideration for probation. Thus we remand to the district court for resentencing.

*AFFIRMED in part; REVERSED in part; and REMANDED.*

---

**4.** We are not confronted with the issue of the effect the grant of the government's motion under 18 U.S.C.A. § 3553(e) (West Supp.1989) (substantial assistance) would have on the application of 18 U.S.C.A. § 3561(a) (West Supp. 1989) and consequently do not address it.