UNITED STATES of America, Appellee,

v.

RICO, et al., Defendants.

Appeal of Elizabeth BARON, a/k/a "Yolanda Mercado", Defendant–Appellant.

No. 573, Docket 89–1394.

United States Court of Appeals,
Second Circuit.

Argued Jan. 25, 1990.

Decided May 1, 1990.

Richard Ware Levitt, New York City, for defendant-appellant.

Jerome C. Roth, Asst. U.S. Atty., Brooklyn, N.Y. (Andrew J. Maloney, U.S. Atty. E.D. New York, Matthew Fishbein and David C. James, Asst. U.S. Attys., Brooklyn, N.Y., of counsel), for appellee.

Before VAN GRAAFEILAND, MINER, and WALKER, Circuit Judges.

MINER, Circuit Judge:

Defendant-appellant Elizabeth Baron appeals from a judgment entered in the United States District Court for the Eastern District of New York (Korman, J.) imposing a corrected sentence of imprisonment for three years, in place of the original sentence of imprisonment for ten months, to conform to the terms of a plea agreement. Baron contends that, having imposed the initial sentence and released her from custody, the district court was powerless to correct its error. We disagree and, for the reasons that follow, affirm.

BACKGROUND

Baron was charged with having committed the following offenses during the summer of 1988: conspiracy to import, and importation of, over five kilograms of co-

caine; possession of cocaine with intent to distribute; and intentional use of a telephone to facilitate the importation of cocaine. The charges were tried before a jury, which was unable to agree on a verdict. Thereafter, Baron and the government entered into a written plea agreement calling for Baron to plead guilty to one count of possession of cocaine with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (1988). The agreement provided for a sentence to include imprisonment for a term of three years, supervised release for at least three years, and a $50 special assessment. *See* Fed.R.Crim.P. 11(e)(1)(C). The district court accepted the agreement and received the guilty plea on April 26, 1989.

On Friday, July 21, 1989, Baron was sentenced. The Assistant United States Attorney present for the sentencing was not familiar with the case and erroneously stated that the plea agreement provided for a three-year cap rather than a sentence of three years. The court, relying on that statement and on a presentence report which appeared as the consequence of a typographical error to recommend a term of imprisonment of six months, sentenced Baron to the time she had already served, approximately ten months. Baron also was sentenced to supervised release for a term of five years and to pay a $50 special assessment. She was released following the imposition of sentence.

Three days later, on Monday, July 24, the government informed the court that the sentence did not conform to the plea agreement and therefore requested resentencing in accordance with the agreement. The court, on August 1, heard argument concerning Baron's resentencing and stated its intention to sentence her within the terms of the plea agreement. Baron argued that the court then was powerless to correct the sentence, because the district court's authority was limited to resentencing defendants in cases remanded from the court of appeals. *See* Fed.R.Crim.P. 35(a). She also claimed that resentencing would constitute double jeopardy. The court rejected those arguments and resentenced her to a term of imprisonment of three years with credit for time served, supervised release for a term of four years, and payment of a $50 special assessment. The court found that the legislative history of Rule 35, as amended by the Sentencing Reform Act, did not manifest a congressional intent to alter or deprive "judges of the power they always had to correct a mistake." It found also that the double jeopardy clause was not violated.

## DISCUSSION

In imposing the original sentence of approximately ten months, the district court mistakenly deviated from, but did not reject, the plea agreement. *Cf.* Fed.R.Crim.P. 11(e)(4) (court must advise parties of its rejection of plea agreement and afford defendant an opportunity to withdraw plea or risk receiving more severe sentence). The court later determined that the sentence imposed was illegal because it did not conform to the plea agreement. Baron contends that the original sentence was imposed in a legal manner because it fell within the provisions of the Sentencing Guidelines, specifically the provision permitting a downward departure for substantial assistance to the government. *See* United States Sentencing Commission, *Guidelines Manual*, § 5K1.1(a) (Nov.1989) (hereafter "Sentencing Guidelines"). The court, however, did not articulate the findings and reasons that are required to support a downward departure. *See id.* § 5K1.1(a). Although the government agreed to move for a downward departure, the application was intended to be made within the framework of the plea agreement in order to have a sentence of imprisonment for three years. There was no intention to further reduce the three-year sentence.

Baron contends that Rule 35(a), as amended by the Sentencing Reform Act, Pub.L. No. 98–473, tit. II, § 215(b), 98 Stat. 1837, 2015–16 (1984), strips the district court of its power to correct a sentence supposedly imposed in an illegal manner and that the government's only recourse in this situation was to appeal the sentence under 18 U.S.C. § 3742(b). *See* 3 C.

Wright, *Federal Practice and Procedure (Criminal)* §§ 584, 585.1 (2d ed. Supp. 1989). As amended, Rule 35(a) in pertinent part provides that "[t]he court shall correct a sentence that is determined on appeal under 18 U.S.C. 3742 to have been imposed in violation of law ... upon remand of the case to the court...." Fed.R.Crim.P. 35(a). Prior to its amendment, Rule 35(a) provided that "[t]he court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence." Fed.R.Crim.P. 35(a) (1982). The amended Rule controls here, because Baron's offense was committed after November 1, 1987. *See id.* note; 18 U.S.C. § 3551 note (Pub.L. No. 98–473, § 235 as amended).

The common law, and later the Federal Rules of Criminal Procedure, authorized the district court to correct illegal sentences or sentences imposed in an illegal manner. *See United States v. DiFrancesco*, 449 U.S. 117, 133–34, 101 S.Ct. 426, 435–36, 66 L.Ed.2d 328 (1980); *United States v. Bradford*, 194 F.2d 197, 200–01 (2d Cir.1952) (L. Hand, J.), *cert. denied*, 347 U.S. 945, 74 S.Ct. 642, 98 L.Ed. 1093 (1954); Fed.R.Crim.P. 35 (1982); *id.* advisory committee's note (Rule 35 "continues existing law"). While continuing the district court's inherent power to correct illegal sentences at any time, former Rule 35 was enacted to fix a time limitation of 120 days after sentencing as the period within which sentences imposed in an illegal manner could be corrected. *See* Fed.R.Crim.P. 35(a), (b) (1982); *id.* advisory committee's note; *Duggins v. United States*, 240 F.2d 479, 483 (6th Cir.1957). "At common law there were always exceptions to the doctrine that a court lost jurisdiction over its [criminal] judgments ... with the expiration of the term at which they were entered. These exceptions included clerical mistakes and a sentence which the judgment did not support." *Bradford*, 194 F.2d at 200. As reflected in former Rule 35(a), under common law a district court was free at any time to correct sentences when the judgment was "void," because these sentences were invalid and not final dispositions. *See*

*DeBenque v. United States*, 85 F.2d 202, 205 (D.C.Cir.1936); *see also Bozza v. United States*, 330 U.S. 160, 167, 67 S.Ct. 645, 649, 91 L.Ed. 818 (1947). When district court terms were abolished, *see* Pub.L. No. 88–139, § 1, 77 Stat. 248 (1963) (codified at 28 U.S.C. § 138 (1982)), Rule 35 remained as a codification of the district court's inherent power to correct illegal sentences.

■ The Sentencing Reform Act amended Rule 35 to conform to the provisions of 18 U.S.C. § 3742, which allows the government to appeal illegal sentences and to have such sentences corrected by the district court on remand. *See* S.Rep. No. 225, 98th Cong., 2d Sess. 158, *reprinted in* 1984 U.S.Code Cong. & Admin.News 3182, 3341. While repealing the former Rule and creating appellate review of sentences, Congress did not limit the correction of sentencing errors to the courts of appeals. The legislative history of the Act reveals the reasons for expanding appellate jurisdiction and the manner in which the district courts under Rule 35 would correct sentences on remand. However, no mention is made in the legislative history of any diminution in the district court's inherent power to correct sentences. *Cf. id.* at 65, 149–53, *reprinted in* 1984 U.S.Code Cong. & Admin. News 3248, 3332–36. While Congress amended the Rule, there is no indication that it intended to repudiate this long-standing authority of district courts. The amendment merely facilitates the expansion of appellate review of sentencing, in light of the Sentencing Guidelines, without diminishing the district court's power in various situations to correct its own obvious errors in sentencing.

The Fourth Circuit has recognized that a district court has inherent power in certain circumstances to correct its acknowledged mistakes, even after the enactment of the amended Rule 35(a). *United States v. Cook*, 890 F.2d 672, 675 (4th Cir.1989), *aff'g in part, rev'g in part* 716 F.Supp. 3 (S.D. W.Va.1989). That circuit held that the district court retains the inherent power "to correct an acknowledged and obvious mistake." 890 F.2d at 675. In *Cook*, the district court mistakenly applied the Sen-

tencing Guidelines and sentenced the appellant to terms of supervised release and community confinement, while intending to sentence her to a term of imprisonment as well. 716 F.Supp. at 3–4 (quoting Sentencing Guidelines § 5C2.1(c)(3)). About three weeks later, the court *sua sponte* corrected its mistake and resentenced the defendant to reflect its true intention. *Id.* at 4. The Fourth Circuit confirmed the district court's authority to resentence the appellant, noting that the congressional intent in amending Rule 35(a) was not thwarted by the district court's correction of the original sentence. *Cook*, 890 F.2d at 674–75. Stressing the narrowness of its holding, the Fourth Circuit permitted the district court to correct its sentencing error when there has been "an acknowledged misinterpretation of the pertinent guidelines section." *Id.* at 675. The court limited the time in which the district court could modify its sentence following this mistake to the period within which either party could file a notice of appeal, holding that the district court was timely in correcting its error. *Id.* The court, however, reversed and remanded in that case because the district court had resentenced the defendant in her absence. *Id.* (citing Fed.R. Crim.P. 43).

In Baron's case, the district court similarly acknowledged its mistake in applying the plea agreement, correcting it well within the time for either party to file a notice of appeal. *See* Fed.R.App.P. 4(b) (government has thirty days to appeal from entry of criminal judgment and defendant has ten days); *cf.* Fed.R.Crim.P. 35 (1982) (court may correct sentences imposed in an illegal manner within 120 days after imposition). The court's mistake in not enforcing the accepted plea agreement is similar to the error in *Cook* of mistaken application of the Sentencing Guidelines. In the case at bar, the district court stated that it always intended to accept the plea agreement and, at the resentencing, both parties, as well as the court, acknowledged that a mistake had occurred. Additionally, Baron was present during her second sentencing. Thus, the court properly corrected its illegal sentence. It would have been a

waste of judicial resources to require an appeal and remand in this case in order to impose the same sentence that should have been imposed in any event.

■ Here, the government and the defendant agreed to a sentence in a written plea agreement and the district court, intending to abide by that agreement, mistakenly failed to apply the plea agreement in sentencing the defendant. We hold only that, under the circumstances present in this case, the district court has the inherent power to correct the sentence within the time fixed for filing a notice of appeal. "If this inadvertent error cannot be corrected in the manner used here by the trial court, no valid and enforceable sentence can be imposed at all." *Bozza*, 330 U.S. at 166, 67 S.Ct. at 649.

■ Baron asserts that her resentencing subjects her to double jeopardy because she already has served her initial sentence. Under the original sentence, however, she had served only the imprisonment portion of her sentence and still faced supervised release for a term of five years. *See* 18 U.S.C. § 3583(a) (court may include term of supervised release "as a part of the sentence"). Thus, Baron had not completed service of her full sentence. Where a new sentence is legally imposed, such a sentence may be greater than the original sentence being served without any violation of a defendant's rights under the double jeopardy clause. *DiFrancesco*, 449 U.S. at 132–38, 101 S.Ct. at 434–38; *Bozza*, 330 U.S. at 166, 67 S.Ct. at 648; *see also McClain v. United States*, 676 F.2d 915, 918 (2d Cir.), *cert. denied*, 459 U.S. 879, 103 S.Ct. 174, 74 L.Ed.2d 143 (1982). So long as a sentence can be increased on appeal, defendant has no expectation of its finality. *DiFrancesco*, 449 U.S. at 134–36, 139, 101 S.Ct. at 436–37, 438. The expectation of finality comes from the prospect of release as defendant nears the end of his or her prison term. *See Breest v. Helgemoe*, 579 F.2d 95, 101 (1st Cir.), *cert. denied*, 439 U.S. 933, 99 S.Ct. 327, 58 L.Ed.2d 329 (1978). In this case, Baron was released on Friday after being sentenced to time served and presumably began her supervised re-

lease. The government pointed out the sentencing error on Monday, followed by resentencing two weeks later. *See Bozza,* 330 U.S. at 165–66, 67 S.Ct. at 648–49 (defendant properly sentenced five hours after initial erroneous sentencing); *Cook,* 890 F.2d at 674, 675 (error detected and corrected in three weeks); *Giacalone v. United States,* 739 F.2d 40, 41–42 (2d Cir.1984) (error detected within same day). Despite being sentenced erroneously to the time she already had served, Baron had no expectation of finality in her sentence. The government has the statutory right to appeal certain sentences, specifically those below the Sentencing Guidelines, 18 U.S.C. § 3742(b), as well as sentences lower than those set forth in valid plea agreements, 18 U.S.C. § 3742(c)(2). Baron's sentence was open to review and therefore not final, *see DiFrancesco,* 449 U.S. at 132–33, 101 S.Ct. at 434–35, because it was well below the statutory minimum and applicable guidelines for cocaine distribution, *see* 21 U.S.C. § 841(b)(1)(A), and because it violated a valid plea agreement calling for a three-year term of imprisonment. Therefore, Baron's resentencing does not constitute double jeopardy.

### CONCLUSION

We hold that the district court has inherent power to correct a mistaken sentence within the time fixed for filing an appeal, where the parties had agreed to a different sentence and the court otherwise intended to abide by the agreement. Imposition of the new sentence here does not constitute double jeopardy. The judgment is affirmed.