914 F.2d 1492
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Phillip Eugene BANCROFT, Defendant-Appellant.
 No. 90-6350.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 30, 1990.
Decided Oct. 2, 1990.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. J. Calvitt Clarke, Jr., District Judge. (CR-87-143-N)
 Phillip Eugene Bancroft, appellant pro se.
 Charles Dee Griffith, Jr., Office of the United States Attorney, Norfolk, Va., for appellee.
 E.D.Va.
 AFFIRMED AS MODIFIED.
 Before K.K. HALL, MURNAGHAN and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Phillip Bancroft appeals the district court's order denying relief on his Fed.R.Crim.P. 35(a) motion. We affirm the order of dismissal based on reasoning different from the district court.
 
 
 2
 Bancroft was found guilty of forging a signature on a United States Postal Money Order and of attempting to pass or utter the money order. Both of the offenses were committed in Chesapeake, Virginia, on December 14, 1987. He was sentenced pursuant to the Sentencing Guidelines and neither party appealed. He filed this Rule 35 motion well after the period for appeal had expired. He claims in the motion that the district court lacked jurisdiction to try him because the United States did not own the land on which the offenses allegedly were committed. The district court considered the claim on the merits under Rule 35 and denied relief.
 
 
 3
 Rule 35(a) does not grant the district court any authority to modify Bancroft's sentence under the facts of this case. Rule 35(a), as it applies to offenses committed after November 1, 1987, allows the district court to modify a sentence "to correct an acknowledged and obvious mistake" and this may be done only during the period of time in which either party may file a notice of appeal. United States v. Cook, 890 F.2d 672, 675 (4th Cir.1989). The time for filing notice of appeal had run well before Bancroft filed his Rule 35 motion. Therefore, the motion should have been dismissed because the district court lacked jurisdiction to grant Rule 35 relief.*
 
 
 4
 Accordingly, we affirm the dismissal of Bancroft's Rule 35 motion, but, pursuant to our authority under 28 U.S.C. Sec. 2106, we modify the order to reflect that the dismissal was due to a lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 5
 AFFIRMED AS MODIFIED.
 
 
 
 *
 To the extent that Bancroft's claim that the trial court lacked jurisdiction is subject to construction as a 28 U.S.C. Sec. 2255 claim, see United States v. Santora, 711 F.2d 41 (5th Cir.1983), it was properly rejected because the district court had jurisdiction over the violations of federal law, 18 U.S.C. Secs. 3231, 500, and Chesapeake is within the Eastern District of Virginia. 28 U.S.C. Sec. 127(a), (c)