931 F.2d 887
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lloyd Walter DICKERSON, Defendant-Appellant.
 No. 90-5843.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 26, 1991.
Decided May 3, 1991.
 
 Appeal from the United States Disctrict Court for the District of Maryland, at Baltimore. Joseph C. Howard, District Judge. (CR-90-14)
 Fred Warren Bennett, Federal Public Defender, Beth M. Farber, Assistant Federal Public Defender, Baltimore, Md., for appellant.
 Breckinridge L. Willcox, United States Attorney, Susan M. Ringler, Assistant United States Attorney, Baltimore, Md., for appellee.
 D.Md.
 AFFIRMED.
 Before PHILLIPS, MURNAGHAN and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Lloyd Walter Dickerson pled guilty to bank robbery, 18 U.S.C.A. Sec. 2113(a), (f) (West Supp.1991), and use of a firearm during a crime of violence, 18 U.S.C.A. Sec. 924(c) (West Supp.1991). Dickerson appeals his sentence, claiming that the district court was without jurisdiction when it resentenced him in order to correct an inadvertent mistake. We affirm.
 
 I.
 
 2
 When the district court first sentenced Dickerson on July 25, 1990, his counsel, the government, and the court acknowledged that for the bank robbery offense the appropriate sentencing guidelines base offense level was 20 which, coupled with a criminal history category III, resulted in a sentencing guidelines range of 41 to 51 months imprisonment. Neither party argued that a departure from the guidelines was warranted. The district court orally sentenced Dickerson to the mandatory 60 months imprisonment for the use of a firearm to be served consecutively to 20 months imprisonment for the bank robbery.
 
 
 3
 After court adjourned, but on the same day, the district judge realized he had misspoken the pronouncement of sentence, inadvertently reading the base offense level of 20 rather than the intended sentence, and immediately telephoned counsel. This call was confirmed by a letter in which the district judge explained that he was vacating the sentence, rendering the sentence a nullity. An order entering judgment for the sentence was not signed nor was the sentence entered in the criminal docket. At resentencing on September 4, 1990, the court sentenced Dickerson to 60 months imprisonment on the firearms charge to be served consecutively to 41 months imprisonment on the bank robbery charge, a sentence within the appropriate guidelines range.
 
 II.
 
 4
 Dickerson concedes that a district court has inherent power to correct an obvious mistake in sentencing, see United States v. Cook, 890 F.2d 672, 675 (4th Cir.1989), but claims that the time period during which the court may correct a sentence had expired by the date resentencing occurred. A court may "correct an acknowledged and obvious mistake [in sentencing] ... only during that period of time in which either party may file a notice of appeal." Id. A defendant has 10 days and the government 30 days "after the entry of ... the judgment or order" to appeal. Fed.R.App. P. 4(b). Dickerson argues that judgment was entered when the court orally pronounced its sentence on July 25, that the resentencing on September 4 was more than 30 days from the entry of judgment, and consequently, that the court was without jurisdiction to correct the mistake.
 
 
 5
 A judgment is considered to be entered within the meaning of Rule 4(b) "when it is entered in the criminal docket," rather than at the time of oral pronouncement. Id. The court did not enter final judgment until after it pronounced a proper sentence on September 4, 1990. Until the sentence of September 4 was entered in the criminal docket, no final judgment existed from which either party could appeal. Thus, although the second sentencing hearing was more than 30 days after the first sentencing hearing, it was not held more than 30 days from entry of judgment. Accordingly, we find that the district court had jurisdiction to resentence Dickerson on September 4, 1990.
 
 
 6
 AFFIRMED.