972 F.2d 1343
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Cecilio Dejesus BETANCUR, Defendant-Appellant.
 No. 90-10547.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 27, 1992.*
Decided Aug. 5, 1992.
 
 Before EUGENE A. WRIGHT, FARRIS and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Cecilio Betancur appeals the district court's correction of his sentence under Fed.R.Crim.P. 35 for possession with intent to distribute cocaine in violation of 21 U.S.C. 841(a)(1). He contends that: 1) his original sentence was lawfully imposed and therefore not correctable; and 2) the district court's higher resentence violated the Double Jeopardy Clause. We affirm.
 
 
 3
 Betancur argues that the district court's authority is limited to resentencing defendants in cases remanded from the court of appeals. See Fed.R.Crim.P. 35(a). We disagree. Rule 35 permits appeals and remands for illegally imposed sentences. Congress did not intend to remove the inherent power of the district court to correct self-admitted errors. See United States v. Rico, 902 F.2d 1065 (2nd Cir.1990) ("[N]o mention is made in the legislative history of any diminution in the district court's inherent power to correct sentences.").
 
 
 4
 Judge Henderson accepted the plea agreement, but erroneously sentenced Betancur to eighteen months. He failed to articulate the findings necessary to support a drastic downward departure to eighteen months. See U.S.S.G. § 5K1.1(a). The first sentence was invalid. See id. at 1066.
 
 
 5
 Judge Henderson admitted that he mistakenly sentenced Betancur to eighteen months, instead of ten years less the eighteen months. On the government's motion, Judge Henderson corrected his mistake well within the time for appeal. See Fed.R.App.P. 4(b) (government has thirty days to appeal criminal judgment). The court's resentence avoided a wasteful appeal and remand. See Rico, 902 F.2d at 1068; see also United States v. Cook, 890 F.2d 672, 675 (4th Cir.1989) (permitted resentence where district court misinterpreted sentencing guidelines).
 
 
 6
 We also reject Betancur's contention that Judge Henderson's resentence subjected him to double jeopardy. "Where a new sentence is legally imposed, such a sentence may be greater than the original sentence being served without any violation of a defendant's rights under the double jeopardy clause." Rico, 902 F.2d at 1068 (citations omitted). Judge Henderson followed the Guidelines for the resentence. Betancur had no expectation of finality in his sentence because the government had a statutory right to appeal. See 18 U.S.C. § 3742(b) and (c)(2). The district court could properly resentence Betancur to eighty four months.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3