976 F.2d 728
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
Robert MAVINS, Defendant-Appellant.
 No. 92-6445.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: July 29, 1992
Decided: September 29, 1992
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. James C. Cacheris, Chief District Judge. (CR-88-265-A)
 Robert Mavins, Appellant Pro Se.
 Debra Strauss, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.
 E.D.Va.
 Affirmed.
 Before MURNAGHAN, WILKINSON, and WILKINS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Robert Mavins appeals from the district court's order denying his second Motion to Correct Sentence under Fed. R. Crim. P. 35. We affirm, because the district court was without authority to grant the requested relief.
 
 I.
 
 2
 Mavins was originally convicted on two counts of assaulting a correctional officer and sentenced to eighteen months imprisonment on each count plus two years of supervised release on each count, to run concurrently. His supervised release term was revoked due to his drug use, however, and he was resentenced to thirty months in prison on each count, to run concurrently, plus one year of supervised release. Nine months after resentencing, Mavins filed his first Rule 35 motion and was granted relief, because the term of imprisonment imposed upon resentencing violated 18 U.S.C.A. § 3583(e)(3) (West Supp. 1992) by exceeding the length of the original supervised release term of two years. The court again resentenced Mavins to eighteen months on each count, to run concurrently, plus one year of supervised release. The government did not oppose the first motion and no appeal was taken.
 
 
 3
 Approximately two months later, Mavins filed his second Rule 35 motion, arguing that the court lacked authority to impose the one-year term of supervised release after revoking the earlier supervised release term. The motion was denied, and this timely appeal followed.
 
 II.
 
 4
 We recently held in United States v. Cooper, 962 F.2d 339 (4th Cir. 1992), that the district courts are without authority under 18 U.S.C. § 3583(e) to revoke a previously imposed term of supervised release and then impose another term of supervised release. In light of Cooper, the sentence Mavins now challenges is technically incorrect. Nonetheless, we affirm the district court's denial of relief, because Mavins's motion was filed after the appeal period had expired. The district court was therefore without authority to act.
 
 
 5
 The authority of the district courts to correct a sentence for obvious mistakes is limited to the period in which either party may file a notice of appeal.[1] See United States v. Cook, 890 F.2d 672, 674-75 (4th Cir. 1989). Hence, the district court clearly lacked authority to entertain Mavins's second Rule 35 motion, because that motion was filed approximately fourteen months after the initial resentencing decision and more than two months after the district court's order modifying that decision.[2] In the event that Mavins wishes to pursue his claim further, he has the option of configuring his argument as a federal constitutional claim or alleging a fundamental defect, and presenting it in a 28 U.S.C. § 2255 (1988) motion.[3] See Fed. R. Crim. P. 35, advisory committee's note.
 
 
 6
 For the foregoing reasons, the district court's denial of Mavins's second Rule 35 motion is hereby affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 Rule 35(c), which took effect on December 1, 1991, after Mavins had filed his second motion but before the district court had acted upon it, provides even narrower constraints; pursuant to that rule, the district courts only have authority to correct a clearly erroneous sentence within seven days after imposition of the sentence
 
 
 [2]
 The district court was equally without authority to entertain Mavins's first Rule 35 motion, but that issue, not having been appealed, is not before this Court
 
 
 [3]
 This Court will not construe Mavins's appeal as a § 2255 motion, because he was represented by counsel in lower court proceedings and was assisted by counsel in filing this appeal. See United States v. Santora, 711 F.2d 41 (5th Cir. 1983) (construing pro se litigant's Rule 35 motion as request for relief under § 2255)