16 F.3d 1222
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Alfred T. GOINS, Defendant-Appellant.
 No. 93-3304.
 United States Court of Appeals, Sixth Circuit.
 Feb. 15, 1994.
 
 Before: GUY and SILER, Circuit Judges; and ENGEL, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant, Alfred T. Goins, was convicted and sentenced for the distribution of crack cocaine in violation of 21 U.S.C. Sec. 841(a)(1) and Sec. 841(b)(1)(B)(iii). On appeal, Goins raises three arguments: (1) the district court erred in finding that it did not have jurisdiction under Rule 35(c) of the Federal Rules of Criminal Procedure to hear Goins' motion to amend his sentence; (2) the district court violated the confrontation clause by interfering with Goins' counsel's cross-examination of two government witnesses; and (3) Goins was prejudiced by the district court's conduct of the trial. Finding no merit to these arguments, we affirm.
 
 I.
 
 2
 Rahsaan Blackburn, an informant for the Bureau of Alcohol, Tobacco and Firearms, supplied Special Agent Daniel Ozbolt with a pager number of a person identified as "Tiny." Tiny, Blackburn claimed, was an armed trafficker of crack cocaine. At that time, Agent Ozbolt and Blackburn believed Tiny's last name might be Dawson, but subsequently they determined that it was Goins.
 
 
 3
 On August 11, 1992, the number supplied by Blackburn was used to page Goins, a/k/a Tiny, to arrange the purchase of a quarter-ounce of crack cocaine; the return call was recorded. Later that day, Blackburn, accompanied by Agent Ozbolt, met Goins and purchased the crack cocaine. This substance was subsequently determined to be 6.1 grams of cocaine base.
 
 
 4
 Agent Ozbolt again paged Goins on August 24, 1992, to arrange another purchase of crack cocaine. There were several recorded conversations between Goins and Agent Ozbolt that day, including a recording of their meeting in which Goins sold Ozbolt what was later determined to be 2.2 grams of cocaine base. During those conversations, Agent Ozbolt discussed trading firearms for controlled substances with Goins.
 
 
 5
 On September 1, 1992, Agent Ozbolt paged Goins to arrange the purchase of one-half ounce of crack cocaine. During the recorded telephone conversation, Goins indicated to Agent Ozbolt that it would cost $500. This transaction did not take place, however, because when they met later that day, Goins suspected Agent Ozbolt of being a police officer.
 
 
 6
 Goins was eventually arrested by ATF agents. A grand jury indicted Goins on two counts of distribution of cocaine base. Count one charged violations of 21 U.S.C. Sec. 841(a)(1) and 21 U.S.C. Sec. 841(b)(1)(B)(iii) on August 11, 1992. Count two charged a violation of 21 U.S.C. Sec. 841(a)(1) on August 24, 1992. A jury returned a guilty verdict on both counts.
 
 
 7
 On March 19, 1993, the district court sentenced Goins to 120 months' imprisonment, to be followed by four years of supervised release. On April 2, Goins filed a motion to correct his sentence to reflect a two-level reduction for acceptance of responsibility, pursuant to Sec. 3E1.1 of the federal sentencing guidelines.[1] The government, at a hearing held April 23, indicated that it would oppose Goins' motion and object to any reduction for acceptance of responsibility. In its order filed April 27, the district court denied Goins' motion; the court found that it lacked jurisdiction to rule on the motion under Rule 35(c) of the Federal Rules of Criminal Procedure because it was filed outside the seven-day period.[2] The court also stated that it lacked jurisdiction because
 
 
 8
 the alleged error in defendant's sentencing is not one which is the "result of arithmetical, technical, or other clear error." Rule 35(c). Rather, defendant's motion raises a new substantive issue of Guidelines application which was not litigated at the sentencing hearing and which is disputed by the government. The Committee Note indicates that this is the type of situation to which Rule 35(c) was never intended to apply.
 
 
 9
 (App. 114.)
 
 II.
 
 10
 Goins contends the district court erred in finding it did not have jurisdiction to hear his motion. Rule 45 of the Federal Rules of Criminal Procedure, Goins argues, extends the period in which such a motion must be filed beyond seven days. Thus, Goins asserts, under Rule 45, his motion was timely filed.[3] Without discussing the merits of this contention, we find the district court was correct in its determination that it lacked jurisdiction to hear Goins' motion because the substance of the motion is outside the scope of Rule 35(c).
 
 
 11
 The Advisory Committee Notes to the 1991 Amendment to Rule 35, which added subsection (c), state that "[t]he authority to correct a sentence under [subsection (c) ] is intended to be very narrow and to extend only to those cases in which an obvious error or mistake has occurred in the sentence." The Advisory Committee specifically rejected any formulation of Rule 35(c) that would permit a district court to modify a defendant's sentence "based upon new factual information not known to the defendant at the time of sentencing." As the Fourth Circuit observed, "the addition of subsection (c) to Rule 35 demonstrates that district courts are to have only limited authority to correct sentences upon the defendant's motion, and Rule 35(c) fully defines the scope of that authority." United States v. Fraley, 988 F.2d 4, 7 (4th Cir.1993).
 
 
 12
 Few cases discuss the scope of Rule 35(c). In United States v. Morillo, 8 F.3d 864 (1st Cir.1993), the First Circuit upheld the district court's use of Rule 35(c) to correct a numerical mistake it had made in aggregating drug quantities. In United States v. Cook, 890 F.2d 672, 675 (4th Cir.1989), the Fourth Circuit recognized a district court's inherent power to correct a sentence when the district court states that a particular kind of sentence is to be imposed and then imposes a different sentence solely because of an acknowledged misinterpretation of the pertinent sentencing guidelines section. In United States v. Strozier, 940 F.2d 985, 987 (6th Cir.1991), this court, citing Cook, upheld the district court's power to amend a sentence that would otherwise violate a mandatory provision of the sentencing guidelines. In United States v. Rico, 902 F.2d 1065, 1068 (2nd Cir.), cert. denied, 498 U.S. 943 (1990), the Second Circuit held the district court had inherent power to correct a mistake it had made at sentencing in not applying a plea agreement it had accepted.
 
 
 13
 In all of these cases, a district court relied on Rule 35(c) to correct a mistake that it had made. This is consistent with Rule 35(c)'s purpose, which is to permit the correction of arithmetical and technical errors. Rule 35(c) also permits the correction of "clear errors," but we read this provision more narrowly than does Goins. Arithmetical and technical errors are those that a district court should have been aware of at the time sentence was entered. Similarly, we read "clear errors" to be synonymous with errors of this type--those errors that should have been obvious to the district court at the time of sentencing.
 
 
 14
 Here, based on the information provided, the district court entered the correct sentence. Goins notes that on March 31, 1992, subsequent to the date of sentencing, Goins' probation officer sent the district court a letter indicating that the officer had previously determined that Goins had accepted responsibility for his role in the offense, and thus Goins was entitled to a two-level reduction. Although both Goins and the probation officer were aware of this possible reduction prior to sentencing, it was not mentioned in the probation officer's report. Moreover, at the sentencing hearing, Goins raised two objections to the presentence report, neither of which addressed a two-level reduction for acceptance of responsibility. Goins also stated that he had the report and addendum at least ten days prior to the sentencing hearing, and that he had a chance to review the report with his attorney. After the district court had addressed the two objections to the report, the court inquired of counsel whether there were any other objections, and defense counsel replied in the negative. Simply put, the district court was not aware of any potential reduction for acceptance of responsibility when it sentenced Goins on March 23.
 
 
 15
 Rule 35(c) did not relive Goins of his burden to note any errors regarding his sentence during the sentencing hearing. Significant to this issue, the Advisory Committee Notes to Rule 35(c) state "the Committee did not intend that the rule relax any requirement that the parties state all objections to a sentence at or before the sentencing hearing." Thus, Goins should have noted the error in the sentencing report to the district judge. Accordingly, we do not find the error Goins complains of to be of the type that was intended to fall within the scope of Rule 35(c).[4]
 
 III.
 
 16
 Goins' second alleged error is that the district court violated the confrontation clause by interfering with his counsel's cross-examination of Blackburn and Agent Ozbolt. Goins claims that had his counsel been permitted to conduct this examination, it would have been revealed that both Blackburn and Ozbolt had confused Goins with "Tiny" Dawson, a known drug dealer.
 
 
 17
 A defendant's Sixth Amendment right to confront and cross-examine witnesses is not an absolute right; the trial court may, in its discretion, limit its scope. United States v. Atisha, 804 F.2d 920 (6th Cir.1986), cert. denied, 479 U.S. 1067 (1987). Our duty is to determine whether the district court's limitation on Goins' cross-examination of Blackburn and Agent Ozbolt deprived him of a fair trial. Wright v. Dallman, 999 F.2d 174, 179 (6th Cir.1993).
 
 
 18
 The crux of this issue hinges on Goins' assertion that there was confusion concerning the identity of the person who sold the crack cocaine to Blackburn and Agent Ozbolt on August 11, 1992, and to Agent Ozbolt on August 24, 1992. The record reveals, however, that at no time was Blackburn or Agent Ozbolt confused as to the identity of this person. There may have been some confusion for a period of time, but this was only as to "Tiny's" last name. We do not see how Goins could have fashioned a defense out of this confusion, and thus we do not find it was an abuse of the district court's discretion to limit the cross-examination as to this issue.
 
 IV.
 
 19
 Goins' last argument is that comments made by the district court during Goins' counsel's opening statement and closing argument prejudiced Goins. In the beginning of his opening statement, counsel for Goins stated: "This case has to do with an ATF agent, that is alcohol, tobacco and firearms. The appropriate government agency that normally deals with drugs is DEA, drug enforcement." (App. 13.) Government counsel requested to approach the bench. At that point, the district court informed the jury that counsel's comment was incorrect and instructed the jury to disregard it. Id. This court has held that it is appropriate for a trial court to interrupt an opening statement to require accuracy in the statement. United States v. Frazier, 584 F.2d 790, 793 (6th Cir.1978).
 
 
 20
 In closing argument, counsel for Goins stated: "I don't know what the truth is. I have heard all of the testimony, I have had an opportunity to see evidence that maybe you haven't, but all--." (App. 14). After the parties approached the bench, the following exchange took place:
 
 
 21
 THE COURT: Read that.
 
 
 22
 (Statement read).
 
 
 23
 THE COURT: How would you justify making that kind of a comment?
 
 
 24
 MR. DYE: Your Honor, it slipped.
 
 
 25
 MR. BURNS: Your Honor, he has been saying "I think, I believe" throughout. I think he needs to be admonished and I request the Court to instruct the jury to disregard his opinion.
 
 
 26
 THE COURT: I will.
 
 
 27
 MR. DYE: Your Honor, you don't want me to say I think or I believe?
 
 
 28
 THE COURT: That is improper to put your own opinion of the evidence in issue or to vouch for any witness or to vouch for any evidence, you know that is improper. But what is most improper is to say you have seen evidence that they haven't.
 
 
 29
 (App. 14.) The district court then instructed the jury as follows: "Now, ladies and gentlemen, I am going to sustain the objection. That was an improper comment. I have instructed Mr. Dye that that was improper. You have heard all of the relevant evidence in this case, and it is improper for counsel to suggest that you haven't." (Tr. II, 365-66.)
 
 
 30
 A district judge is required to assure the proper conduct of a trial. Glasser v. United States, 315 U.S. 60, 82 (1942). The statement by Goins' counsel in closing argument was improper, and the district court's instruction to the jury was meant to neutralize the prejudicial effect of counsel's statement that he had seen evidence that the jury had not. United States v. Ashworth, 836 F.2d 260, 267 (6th Cir.1988). We do not find the district court's intervention with respect to either comment to be fundamentally unfair; thus, Goins' claim is without merit.
 
 
 31
 AFFIRMED.
 
 
 
 [1]
 Section 3E1.1 of the Federal Sentencing Guidelines provides:
 Acceptance of Responsibility
 (a) If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels.
 
 
 [2]
 Rule 35(c) reads:
 The court, acting within 7 days after the imposition of sentence, may correct a sentence that was imposed as a result of arithmetical, technical, or other clear error.
 
 
 [3]
 Goins argument can be summarized. Rule 45(a) states:
 In computing any period of time the day of the act or event from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included.... When a period of time prescribed or allowed is less than 11 days, Intermediate Saturdays, Sundays and legal holidays shall be excluded in the computation.
 The seven-day period following March 23, 1992, includes one Saturday and Sunday. Thus, his time was extended two days under Rule 45(a).
 Further, Rule 45(e) states:
 Whenever a party has the right or is required to do an act within a prescribed period after the service of a notice or other paper upon that party and the notice or other paper is served by mail, 3 days shall be added to the prescribed period.
 Goins' counsel received the district court's March 23 order by mail. Thus, Goins asserts, he had an additional three days to file his motion under Rule 45(e). Taking both of these sections into account, Goins contends that April 6, 1993, was the deadline to respond.
 
 
 [4]
 Rule 35(c) was not intended to preclude a defendant from obtaining statutory relief from an improper sentence. We express no opinion as to whether Goins is entitled to relief under 28 U.S.C. Sec. 2255