Woodrow WILLIAMS, Petitioner–Appellant,

v.

Brion TRAVIS, Chairman, New York State Division of Parole; Dennis C. Vacco, Attorney General of New York, Respondents–Appellees.

Docket No. 97–2698.

United States Court of Appeals, Second Circuit.

Argued April 27, 1998.

Decided May 5, 1998.

Nancy Ellen Little, Legal Aid Society, New York City (Daniel L. Greenberg, Richard Joselson, of counsel), for Petitioner–Appellant.

Nicole Beder, Asst. District Attorney, Queens County, NY (Richard A. Brown, District Attorney, Queens County, NY; John M. Castellano and Robin A. Forshaw, Assistant District Attorneys, Queens County, NY, of counsel), for Respondents–Appellees.

Before: VAN GRAAFEILAND, MESKILL, and CABRANES, Circuit Judges.

PER CURIAM:

Petitioner Woodrow Williams appeals from a judgment of the United States District Court for the Eastern District of New York (Reena Raggi, *Judge*) denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Williams pled guilty to burglary in the second degree after being informed by Justice Herbert W. Posner, of the Supreme Court, Queens County, NY, that he faced up to 15 years in prison, and was subsequently sentenced to a 3 1/2 to 7–year term on April 9, 1993. Immediately after sentence was pronounced and petitioner's counsel had left the courtroom, the Assistant District Attorney alerted the court that the sentence was invalid because, whereas Williams' maximum sentence had been set at double his minimum, New York Penal Law § 70.00(3)(b) (McKinney's 1994) requires the minimum sentence for a first-time felony offender to be "fixed by the court at one-third of the maximum term imposed." The court thereupon scheduled a further proceeding for

one week later, on April 16, 1993, and at that proceeding informed petitioner that his original sentence was illegal and that he was to be sentenced to 3 1/2 to 10 1/2 years in prison. Williams claims that this resentencing violated his right to be free from double jeopardy.

■ Williams' resentencing did not violate the Double Jeopardy Clause because, as precedents of the Supreme Court and this Court make clear, he had no legitimate expectation of finality in his original sentence, which was not authorized by law, was appealable by the government, and was modified only a week after it was imposed. *See Pennsylvania v. Goldhammer,* 474 U.S. 28, 30–31, 106 S.Ct. 353, 353–55, 88 L.Ed.2d 183 (1985) (per curiam); *United States v. DiFrancesco,* 449 U.S. 117, 139, 101 S.Ct. 426, 438–39, 66 L.Ed.2d 328 (1980); *Bozza v. United States,* 330 U.S. 160, 166–67, 67 S.Ct. 645, 648–49, 91 L.Ed. 818 (1947); *Stewart v. Scully,* 925 F.2d 58, 63–65 (2d Cir.1991); *United States v. Rico,* 902 F.2d 1065, 1068–69 (2d Cir.1990); *McClain v. United States,* 676 F.2d 915, 917–18 (2d Cir.1982).

*Stewart v. Scully,* in which we found a double jeopardy violation based on a sentence modification similar to the one in the instant case—*i.e.,* defendant's sentence was changed from a term of "10 to 20 years" to a term of "8 to 24 years" in order to set the minimum sentence at one-third of the maximum—does not require a contrary result. In *Stewart* the defendant's sentence was modified after he had already served three years of his prison term, in stark contrast to the seven days served by Williams, and therefore Stewart had a far stronger expectation of finality than Williams. More importantly, *Stewart* narrowly rested on the fact that, prior to accepting his guilty plea, the court had given the defendant "specific assurances," 925 F.2d at 64, that his term would not exceed 20 years. It was on this basis that *Stewart* distinguished earlier cases such as *Rico* and *McClain,* in which the imposition of increased sentences were found not to have violated the Double Jeopardy Clause. Referring to *Rico* and *McClain,* we stated in *Stewart* that, "[s]ignificantly, in neither case did the newly imposed term exceed that which the defendant could reasonably

have anticipated at his initial sentencing." *Id.* at 63–64. In contrast to *Stewart,* in the instant case the sentencing court not only did not give "specific assurances" to Williams that his sentence would be no lengthier than it turned out to be, but explicitly informed Williams that it had the authority to impose a sentence of up to 15 years, longer than the 10 1/2-year maximum term ultimately imposed. *See McClain,* 676 F.2d at 918 ("*DiFrancesco* teaches that appellant had no legitimate expectation of receiving only a fifteen-year sentence, because of the lack of finality accorded to sentences and because he should have been aware that under section 2113(d) he could have been sentenced to twenty-five years.").

Moreover, in *Stewart* we did not address an important factor bearing upon a defendant's expectation of finality—the government's ability to appeal the defendant's sentence—presumably because the time for appeal had long since passed. *See* N.Y.Crim. Pro. L. § 460.10(1) (McKinney's 1994) (notice of appeal must be filed within 30 days of sentence); *id.* § 440.40(1) (government may move to set aside invalid sentence within one year after entry of judgment). In the instant case, the fact that the government still had the right to appeal Williams' sentence at the time it was modified undermines any argument that Williams had a "legitimate expectation" of finality in the original sentence. *See Rico,* 902 F.2d at 1068 ("So long as a sentence can be increased on appeal, defendant has no expectation of its finality.") (citing *DiFrancesco,* 449 U.S. at 134–36, 101 S.Ct. at 435–37).

■ Finally, Williams' argument that he had a legitimate expectation that his maximum sentence would not be increased once the court recognized that he was not a repeat felon—a recognition that, if anything, should have warranted a *decrease* in his sentence—is without merit. The record is abundantly clear that the court was well aware, at the time it originally imposed sentence, that Williams had not been convicted of a prior felony. The court imposed the 3 1/2 to 7-year sentence not because of a misguided belief that Williams was a repeat felon, *see*

N.Y. Penal Law § 70.06(4)(b) (minimum term of imprisonment for second felony offender to be set at one-half the maximum), but merely because it inadvertently failed to consider the requirements of N.Y. Penal Law § 70.00(3)(b). Accordingly, Williams' argument amounts to the claim that the court's failure to reduce his minimum term, rather than increase his maximum term, in order to comply with § 70.00(3)(b), subjected him to double jeopardy. However, neither § 70.00(3)(b) nor any other provision of New York law required the court to come into compliance with § 70.00(3)(b) by decreasing the initial minimum sentence, rather than increasing the initial maximum, and we find no basis for an exception to the principle that a new sentence correcting an invalid sentence "may be greater than the original sentence without any violation of a defendant's rights under the double jeopardy clause." *Rico,* 902 F.2d at 1068.

We have considered all of Williams' arguments, and find them to be without merit. The judgment of the district court is affirmed.