60 F.3d 826
NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Roger Griffin, Defendant-Appellant.
 No. 94-5298.
 United States Court of Appeals, Fourth Circuit.
 Submitted: February 28, 1995.
Decided: July 6, 1995.
 
 Kenneth P. Andresen, Charlotte, NC, for Appellant. Mark T. Calloway, United States Attorney, Kenneth D. Bell, Assistant United States Attorney, Kenneth M. Smith, Assistant United States Attorney, Charlotte, NC, for Appellee.
 Before WILKINSON, NIEMEYER, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Roger Griffin pled guilty to an information charging him with possession of cocaine with intent to distribute, 21 U.S.C.A. Sec. 841 (West 1981 & Supp.1994). He appeals his sixty-six month sentence, alleging that the government's decision not to move for a downward departure based on substantial assistance, USSG Sec. 5K1.1,* violated due process and breached the plea agreement. He also argues that the district court erred in denying his post-sentencing motion for specific performance of the plea agreement, correction of sentence, and evidentiary hearing on substantial assistance. We find no merit in these claims and affirm both the sentence and the denial of the postsentencing motion.
 
 
 2
 First, we find that Griffin has not validly waived his right to an appeal based on the government's determination concerning substantial assistance, although his plea agreement so provided. Such a waiver must be knowing and intelligent, and is ineffective where the district court fails to question the defendant about it in the Fed.R.Crim.P. 11 hearing, as happened here. See United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir.1991). Therefore, we consider the merits of the appeal.
 
 
 3
 Griffin's plea agreement provided that Griffin would cooperate and that the government, in its sole discretion, would determine whether his assistance was substantial. If his assistance was determined to be substantial, the government would move for a departure. A decision that Griffin had not provided substantial assistance was also within the sole discretion of the government. At sentencing, Griffin described his efforts to cooperate and argued that his cooperation had been sufficient to require the government to make the motion. He submitted a letter from the sheriff of Union County which stated that Griffin had provided valuable assistance; however, a Drug Enforcement Administration agent testified for the government that all the agents who had worked with Griffin, both federal and state, believed that he had not cooperated fully. The government attorney refused to make a section 5K1.1 motion, stating that he did not believe the assistance Griffin had rendered was substantial.
 
 
 4
 Without making a finding on whether Griffin had rendered substantial assistance, the district court sentenced him within the guideline range. Nine days after he was sentenced, Griffin submitted a motion seeking specific performance of the plea agreement, correction of his sentence, and an evidentiary hearing. Griffin argued that the government had refused to recognize the assistance he had given, and had acted abusively, arbitrarily, or in bad faith in refusing to move for a departure. The district court denied the motion, finding that the government's refusal was not arbitrary, capricious, in bad faith, or an abuse of discretion.
 
 
 5
 The district court may inquire into the reasons for a government decision not to move for a departure under section 5K1.1 only if there is proof that the plea agreement has been breached or that the government's decision was based on an unconstitutional motive, such as racial or religious bias. United States v. Wallace, 22 F.3d 84, 87 (4th Cir.) (citing Wade v. United States, 60 U.S.L.W. 4389, 4390 (U.S.1992)), cert. denied, 63 U.S.L.W. 3266 (U.S.1994). Griffin did not allege any unconstitutional motive of the kind described in Wade in the district court. On appeal, he attempts to characterize the government's decision that he had not given substantial assistance as a due process violation. However, he does not make even a threshold showing that any suspect motive was behind the government's decision.
 
 
 6
 When a plea agreement promises unequivocally that the government will move for a substantial assistance departure in return for the defendant's substantial assistance, and the government subsequently decides not to file a section 5K1.1 motion, the defendant may claim that the agreement has been breached and move for specific performance. United States v. Conner, 930 F.2d 1073, 1076 (4th Cir.), cert. denied, 60 U.S.L.W. 3359 (U.S.1991). The district court must then make a factual determination as to whether the defendant has provided substantial assistance. If it finds that he has, the district court may order specific performance of the agreement. United States v. Dixon, 998 F.2d 228, 230-31 (4th Cir.1993).
 
 
 7
 Griffin's plea agreement did not contain an unconditional promise to make a section 5K1.1 motion; rather, the government promised to determine, in its sole discretion, whether substantial assistance had been rendered, and to make the motion if it determined that Griffin had done so. Because the government determined that Griffin had not provided substantial assistance, its decision not to make the motion did not breach the plea agreement. See Wallace, 22 F.3d at 87.
 
 
 8
 Because there was no enforceable promise for a substantial assistance motion and no proof of unconstitutional motive on the part of the government, the district court did not err in failing to make a finding concerning substantial assistance. Under Wade and Wallace, Griffin was not entitled to an evidentiary hearing or a finding by the district court on the quality of his assistance.
 
 
 9
 Moreover, the district court in this case had no authority to alter Griffin's sentence. After sentence has been imposed, the district court may not alter the sentence except as authorized by Fed.R.Crim.P. 35 or 18 U.S.C.A. Sec. 3582(c) (West 1985 & Supp.1994). See United States v. Fraley, 988 F.2d 4, 6 (4th Cir.1993). Rule 35 provides for (1) correction of a sentence on remand, (2) reduction of a sentence for substantial assistance rendered after sentencing, and (3) correction of arithmetical, technical, or other clear error within seven days of sentencing. Section 3582(c) allows reduction of a sentence on a motion of the Director of the Bureau of Prisons and when the applicable guideline has been amended retroactively as described in guideline section 1B1.10. Because none of these circumstances were present, the post-sentencing motion was correctly denied.
 
 
 10
 Accordingly, we affirm the sentence imposed by the district court and its order denying Griffin's post-sentencing motion. We dispense with oral argument because the facts and legal contentions are ade quately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 United States Sentencing Commission, Guidelines Manual (Nov.1993)