**UNITED STATES of America, Plaintiff–Appellant,**

v.

**Michael W. FRALEY, Defendant–Appellee.**

**No. 92–7099.**

United States Court of Appeals, Fourth Circuit.

Argued Dec. 4, 1992.

Decided Feb. 26, 1993.

Vincent L. Gambale, Asst. U.S. Atty., Alexandria, VA, argued (Richard Cullen, U.S. Atty., on brief), for plaintiff-appellant.

Paul Alvin Scott, Madigan & Scott, Inc., Springfield, VA, for defendant-appellee.

Before HAMILTON, LUTTIG, and WILLIAMS, Circuit Judges.

OPINION

WILLIAMS, Circuit Judge:

The Government appeals the district court's grant of Michael W. Fraley's motion to modify his sentence. We reverse.

## I.

Michael W. Fraley was convicted of using an unauthorized credit access device under 18 U.S.C. § 1029(a)(2) (1988). At his sentencing hearing on June 5, 1992, Fraley specifically argued for a "split sentence" under § 5C1.1(d)(2) of the Sentencing Guidelines. United States Sentencing Commission, *Guidelines Manual*, § 5C1.1(d)(2) (Nov. 1991). Under that section, the district court could have divided Fraley's sentence between a period in prison and a period of supervised release with a condition of community confinement or home detention. After hearing arguments of counsel for and against mitigation, the district court stated:

> It will be the sentence of the Court, Mr. Fraley, that you be committed to the custody of the Attorney General to serve a term of ten months, a two-year period of supervised release, and pay a special assessment fine of $50.

(J.A. at 12.) The district court also ordered Fraley to pay restitution in the amount of $24,018.00. The sentence was within the guideline range of ten to sixteen months.

On July 8, 1992, Fraley began to serve his sentence. On September 25, 1992, Fraley filed a Motion for Reconsideration and Alteration of Sentence. The motion was made "pursuant to Rule 35 of the Federal Rules of Criminal Procedure." Fraley asked the court to modify his sentence from ten months in prison to five months in prison and five months of supervised release with a condition of community confinement or home detention. As justification, Fraley informed the court that his father was very ill and unable to continue the family business without assistance. Fraley wished to be released in order to take up the family business, in part to help his father and in part to help pay his restitution.

At the hearing on the motion, Fraley acknowledged that Rule 35 technically entitled him to no relief. He also conceded that his sentence was not the product of error, that it was "fair," and that he did not challenge its severity. The district court agreed that it had no authority to modify Fraley's sentence under Rule 35, but nonetheless accepted Fraley's motion as a motion to "correct the sentence," and stated that had it known about the business considerations, it would have been inclined to impose work release on the second half of Fraley's sentence. The district court further stated that a "correction in sentence" is intended to permit such changes in sentence, and that a change was appropriate in Fraley's case. Consequently, the court changed Fraley's sentence to five months of imprisonment and five months of community confinement.[1]

The Government argues that once the district court imposed sentence, it had no authority to alter the sentence except under Rule 35, and that Rule 35, by its very terms, did not apply.

## II.

■ To support the district court's action, Fraley argues on appeal that his sentence was the product of a "clerical" error and that Federal Rule of Criminal Procedure 36 provided the district court with the authority to correct the "error" in his sentence.[2] Fraley argues that the district court actually intended to impose a sentence of five months of imprisonment and five months of community confinement, but pronounced instead a sentence of ten months of imprisonment. This argument plainly has no merit, for it relies upon nothing more than unfounded conjecture to prove the intentions of the district court.

---

1. The court's order states that "the ten (10) month sentence heretofore imposed is *corrected* to a five (5) month sentence followed by five (5) months of community confinement with work release." (J.A. at 31 (emphasis added).)

2. Rule 36 provides:
 Clerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders.
 Fed.R.Crim.P. 36. We note that in the proceedings before the district court neither Fraley nor the district court relied upon Rule 36 as authority for the court's action.

There is no evidence whatsoever that the district court, at the sentencing hearing, intended to impose anything but a sentence of ten months of imprisonment. There is no clerical error.

Federal Rule of Criminal Procedure 35 provides the only clear authority to correct or reduce Fraley's sentence. *See* 18 U.S.C. § 3582(c) (1988) (court may only modify a term of imprisonment under Rule 35 or other rare circumstances); *see also, United States v. Benefield,* 942 F.2d 60, 66 (1st Cir.1991) (recognizing limited nature of § 3582(c)); S.Rep. No. 225, 98th Cong., 2d Sess. 121, *reprinted in* 1984 U.S.C.C.A.N. 3182, 3304 (§ 3582(c) provides limited safety valves). Because Fraley recognizes that Rule 35 entitles him to no relief, Fraley resorts to an argument that Rule 35 is unconstitutional. His argument is meritless, a fact which Fraley all but conceded at oral argument before this Court.

 Fraley nonetheless argues that the district court had the authority to correct his sentence. Fraley essentially argues that the district court retained the authority provided by former Rule 35(b), which among other things permitted the district court to reduce a sentence upon the defendant's motion within 120 days after the imposition of sentence. Fed.R.Crim.P. 35(b), 18 U.S.C.A. (West Supp.1992) (Rule Applicable to Offenses Committed Prior to Nov. 1, 1987);[3] *see also United States v. Guglielmi,* 929 F.2d 1001, 1005 (4th Cir. 1991) (discussing former Rule 35(b)).

Former Rule 35 was amended as part of the Comprehensive Crime Control Act of 1984, Pub.L. No. 98–473, Title II, § 215(b), 98 Stat. 1837, 2015–16. *See also* S.Rep. No. 225, 98th Cong., 2d Sess. 158, *reprinted in* 1984 U.S.C.C.A.N. 3182, 3341. In place of the former rule, the 1984 Act substituted provisions severely restricting a district court's ability to reduce or otherwise correct a defendant's sentence. The new Rule 35(a) provided for the correction of sentence only upon remand. The new Rule 35(b) permitted a reduction of sentence only upon the Government's motion for substantial assistance. Thus, under the literal language of Rule 35 as adopted in 1984, district courts had no authority to modify a sentence either *sua sponte* or upon motion by the defendant.

Despite the language of the new rule, we recognized that district courts had an inherent power to correct "an acknowledged and obvious mistake." *United States v. Cook,* 890 F.2d 672, 675 (4th Cir.1989). Our holding was quite narrow, and we explicitly stated that the district court's inherent power to amend a sentence "does not extend to a situation where the district court simply changes his mind about the sentence," and that our opinion should not "be interpreted as an attempt to reenact former Rule 35 by judicial edict." *Id.; see also United States v. Strozier,* 940 F.2d 985, 987 (6th Cir.1991) (following *Cook*); *United States v. Rico,* 902 F.2d 1065, 1068 (2d Cir.), *cert. denied,* 498 U.S. 943, 111 S.Ct. 352, 112 L.Ed.2d 316 (1990) (same).

In 1991, Rule 35 was again amended to, among other things, add the current subsection (c), which provides:

> The court, acting within 7 days after the imposition of sentence, may correct a sentence that was imposed as a result of arithmetical, technical, or other clear error.

The Advisory Committee Notes to the 1991 Amendment to Rule 35 state that subsection (c) effectively codifies our holding in *Cook* and the Second Circuit's holding in *Rico,* but restricts any corrections to the seven days following the imposition of sentence. Fed.R.Crim.P. 35, advisory commit-

---

**3.** Former Rule 35(b) provided in full:
A motion to reduce a sentence may be made, or the court may reduce a sentence without motion, within 120 days after the sentence is imposed or probation is revoked, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction or probation revocation. The court shall determine the motion within a reasonable time. Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision.

tee's note (1991 Amendment). The restrictive time period was adopted, in part, to limit abuses of the rule. *Id.* The Notes indicate that "the authority to correct a sentence under [subsection (c)] is intended to be very narrow and to extend only to those cases in which an obvious error or mistake has occurred in the sentence, that is, errors which would almost certainly result in a remand of the case to the trial court for further action under Rule 35(a)." *Id.; see also United States v. Carr,* 932 F.2d 67, 71 n. 5 (1st Cir.), *cert. denied,* — U.S. ——, 112 S.Ct. 112, 116 L.Ed.2d 82 (1991). Rule 35(c) was not intended to permit a district court "simply to change its mind about the appropriateness of the sentence," and the Advisory Committee specifically rejected any formulation of Rule 35(c) that would permit a district court to modify a defendant's sentence "based upon new factual information not known to the defendant at the time of sentencing." Fed. R.Crim.P. 35, advisory committee's note (1991 Amendment). Such a formulation would defeat Congress' intent to provide finality in sentencing and would create an unacceptably large realm of postsentencing discretion. *Id.* Thus, the addition of subsection (c) to Rule 35 demonstrates that district courts are to have only limited authority to correct sentences upon the defendant's motion, and Rule 35(c) fully defines the scope of that authority.

Here, it is apparent from the record that the district court, once confronted with the new evidence of Fraley's family business situation, simply changed its mind about the continued appropriateness of Fraley's sentence. The court identified no error in Fraley's original sentence, and consequently it needed no correction. This is not a situation where the district court stated the sentence one way and then imposed another, *see Cook,* 890 F.2d at 674 (district court, which intended to impose imprisonment and community confinement but actually sentenced defendant to community confinement and supervised release, could correct

sentence to conform to stated original intentions); *Rico,* 902 F.2d at 1068 (district court which accepted plea agreement could correct mistaken sentence of ten months to conform to agreement's sentence of three years), but rather a situation where the district court, after hearing argument on whether to impose a split sentence under U.S.S.G. § 5C1.1(d)(2), clearly stated its intent to sentence the defendant to ten months in prison and then imposed that very sentence. When the district court unequivocally states a sentence and then imposes it, and the sentence is not the product of error, the district court has no authority to alter that sentence.[4]

Because Fraley has identified no error in his sentence, neither Rule 35 nor Rule 36 entitles him to relief, and his original sentence must stand. We reverse and remand for the district court to reinstate Fraley's original sentence.

REVERSED AND REMANDED.

---

**4.** Moreover, because Fraley has not demonstrated error in his original sentence, even if the district court had acted within seven days of its imposition, the district court could not have modified or otherwise "corrected" the sentence. Fed.R.Crim.P. 35(c) (error must be arithmetical, technical or otherwise clear).