**UNITED STATES of America**

v.

**James S. CHAPMAN, Defendant.**

**Crim. No. 89–306–A.**

United States District Court,
E.D. Virginia,
Alexandria Division.

Aug. 11, 1993.

Marcus Davis, Asst. U.S. Atty., Alexandria, VA, for plaintiff.

Richard J. Leon, Baker & Hostetler, Washington, DC, for defendant.

## MEMORANDUM OPINION

CACHERIS, Chief Judge.

This matter is before the Court pursuant to the probation officer's request to reduce Defendant's period of supervised release, and the Government's opposition to that request.[1] The relevant background in this case can be briefly described as follows. As a result of several straw transactions involving firearms, Defendant was convicted by a jury of conspiring to engage in illegal straw transactions and knowingly transferring firearms to a person he knew was not a resident of Virginia, in violation of 18 U.S.C. §§ 371 & 922(b)(3) (1988). On January 19, 1990, this Court sentenced Defendant to six months in prison, two years of supervised release, a fine of $5,000.00, a special assessment of $100.00, and one hundred hours of community service. Under the current sentence, Defendant's period of supervised release would terminate May 8, 1994. The probation officer assigned to Defendant's case has requested that the period of supervised release be reduced so that Defendant could be immediately released from further supervision. The Government opposes that request, arguing that the Court lacks the authority to terminate a previously imposed period of supervised release, or alternatively that the facts of this case do not warrant termination as provided for under 18 U.S.C. § 3583(e)(1) (1988).

■ The initial question to decide is whether this Court has the authority to terminate the period of supervised release under 18 U.S.C. § 3583(e)(1) (1988). Section 3583(e) provides in pertinent part that

[t]he court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6)—

(1) terminate a term of supervised release and discharge the person released at any time after the expiration of one year of supervised release, pursuant to

the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the person released and the interest of justice[.]

Citing to the cases of *United States v. Fraley*, 988 F.2d 4 (4th Cir.1993) and *United States v. Cook*, 890 F.2d 672 (4th Cir.1989), the Government argues that the probation officer is seeking a modification of the original sentence, which, the Government asserts, this Court lacks the authority to do.

*Fraley* and *Cook* are inapposite to this matter. *Fraley* involved a motion improperly brought by a defendant under Federal Rule of Criminal Procedure Rule 35. The defendant had been sentenced to a ten month prison term and two years of supervised release. Approximately sixteen weeks later the defendant asked that the sentence be reduced to five months in prison and five months supervised release, on account of his father's illness and need to help maintain the family business. *Fraley*, 988 F.2d at 5. The district court opined that although it had no authority under Rule 35 to change the sentence, in view of the previously unknown "business considerations" it would allow the requested changes as a "correction in sentence." *Id.* The United States Court of Appeals for the Fourth Circuit held that the district court's authority to correct a sentence under Rule 35(c) was "very narrow," limited to "those cases in which an obvious error or mistake has occurred in the sentence," and was not a general provision allowing the sentencing court to change its mind in view of changed circumstances. *Id.* at 7. *Cook* similarly examines the extent of the sentencing court's narrow authority to amend sentences under Rule 35.

In contrast to a motion under Rule 35, this case involves 18 U.S.C. § 3583(e)(1), whereby Congress expressly granted the sentencing court the authority to terminate the period of supervised release if the prescribed criteria were found to have been met. In tacit recognition of the fact that the cases it has cited

---

1. The Government submits that the matter may be properly resolved on the papers without oral argument. Because the Court agrees that oral argument would not be helpful in resolving this issue, the Court proceeds on the basis of the record as it stands.

are irrelevant to this question, the Government argues thus, citing to *Fraley* and *Cook* for support:

> While it appears that 18 U.S.C. § 3583(e) seems to grant the option to a sentencing court to terminate a term of supervised release after successful completion of at least one year of that term, it is arguable that the Fourth Circuit views such a result as inconsistent with the objectives of the Sentencing Reform Act of 1984.

United States' Opp'n at 3–4. Simply put, the Government's argument is ridiculous. Not only does section 3583(e)(1) "seem" or "appear" to grant authority for the Court to terminate the period of supervised release, it does. Accordingly, the Court finds that section 3583(e)(1) grants the authority to deal with the probation officer's request.

■ Turning to the issue of whether termination is warranted under section 3583(e)(1), the Court finds as follows. The Defendant has served the minimum one year portion of his supervised release, the threshold requirement under section 3583(e)(1). The statute further directs the Court to consider the factors listed in section 3553(a)(1) (nature and circumstances of the offense and characteristics of the defendant); (a)(2)(B) (deterrence); (a)(2)(C) (protection of the public); (a)(2)(D) (whether rehabilitative or corrective training is needed); (a)(4) (guideline factors and range in effect at the time of sentencing); (a)(5) (pertinent Sentencing Commission policy statements); and (a)(6) (the need to avoid unwarranted sentencing disparities as compared with similar defendants convicted of similar conduct).

Turning to the application of those factors, the evidence shows that this offense involved straw sales of firearms from the defendant to persons who were known by him not to have been residents of Virginia. Chapman was employed on a part-time basis at Ted's Coin Shop, a licensed firearms dealer in Virginia no longer in business. The evidence showed that a Dwayne K. Boger entered the store with women who were Virginia residents, had them sign for the gun purchases, whereupon he took the weapons and resold them in Washington, D.C. The Court recalls from trial that the evidence against the defendant was somewhat weak. Agents with the Bureau of Alcohol, Tobacco & Firearms were wired and sent to Ted's Coin Shop to engage in straw purchases. At the critical moment the straw transaction was alleged to have occurred between the defendant and the agent, the wire failed.

The defendant is a former law enforcement officer who had no prior record and denied any criminal involvement in this case. Defendant is now 48 years old, disabled by a back injury suffered on June 24, 1988, while on duty as a uniform officer with the United States Secret Service. He currently resides with his wife in Stafford County, Virginia. After release from prison, the defendant has remained unemployed, receiving a medical disability retirement. Defendant paid his $5,100.00 fine and special assessments arising from this offense on October 30, 1991, and has completed 100 hours of community service.

The Court feels that the deterrent value of this case has been fully realized, and there is no longer any need to keep the defendant on supervised release. The defendant has fully paid his debt to society, and has clearly returned to his prior status of a law-abiding citizen. The defendant no longer has any professional involvement with firearms, Ted's Coin Shop no longer exists, the defendant represents no present danger to the public, and there is no need for rehabilitative or corrective training.

The Sentencing Guidelines for Defendant yielded a criminal history category of one, and an offense level of ten, yielding a guideline range of six to twelve months. The Court gave the defendant the minimum sentence, feeling that such a sentence was in accord with the Sentencing Commission's policy statement.

In comparing Defendant's sentence with those of other defendants in the case, Defendants Boger and Percival, the Court finds that no disparity results in terminating the supervised release. The Court is of the opinion that Defendant was the least culpable of the three, noting that Percival was sentenced to eleven months with a $10,000.00 fine, and

Boger to eighteen months with one year of supervised release.

Lastly, the statute directs the Court to determine if termination is warranted by the conduct of the person and the interest of justice. The Court notes that the defendant has been in full compliance with the terms and conditions of his supervision. The public interest is best served by terminating the supervised release, which will allow the Probation Office to invest the public's limited resources on those who are in need of supervision. Clearly there is no benefit to be derived by maintaining a supervised release at public expense over someone who has proven himself to be beyond the need for supervision.

Accordingly, the Court finds that the probation officer's request for early termination of the supervised release is in the interest of justice, and the requirement of supervised release shall be terminated henceforth.

An appropriate order shall issue.

### ORDER

In compliance with the accompanying Memorandum Opinion, it is accordingly **OR-DERED:**

(1) that Defendant's previously imposed period of Supervised Release is **TERMI-NATED;**

(2) that the clerk shall forward copies of this Order and accompanying Memorandum Opinion to all counsel of record, and to John R. Long, Chief U.S. Probation Officer for the Eastern District of Virginia.