16 F.3d 413
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Bernard HUDSON, Defendant-Appellant.
 No. 93-5657.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 20, 1994
Decided Feb. 8, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. James C. Cacheris, Chief District Judge. (CR-91-363-A)
 George L. Richardson, Baileys Crossroads, Virginia, for Appellant.
 Helen F. Fahey, U.S. Atty., Maureen A. Maguire, Special Asst. U.S. Atty., Alexandria, Virginia, for Appellee.
 E.D.Va.
 DISMISSED.
 Before WIDENER, WILKINS, and HAMILTON, Circuit Judges.
 
 OPINION
 PER CURIAM
 
 1
 Bernard Hudson pled guilty to conspiracy to distribute more than fifty grams of crack cocaine in violation of 21 U.S.C.A. Sec. 846 (West Supp.1993), and was sentenced to a term of 121 months imprisonment on November 15, 1991. Under one of the provisions of his plea agreement, Hudson waived the right to appeal his conviction or his sentence. On November 20, 1992, the district court received a letter from Hudson asking for a reduction in his sentence, which was denied the same day on the ground that the court lacked jurisdiction to entertain the motion. On May 21, 1993, the district court received a second letter from Hudson asking for leniency. It was denied the same day for lack of jurisdiction in an order which noted that, if Hudson wished to appeal, he should file a notice of appeal within ten days. On June 4, 1993, Hudson filed a notice of appeal from his conviction and sentence on November 15, 1991.
 
 
 2
 Rule 4(b) of the Federal Rules of Appellate Procedure requires that a notice of appeal be filed within ten days of judgment. The district court may extend the time for filing a notice of appeal for thirty days upon a showing of excusable neglect with or without a motion being filed. The district court may not otherwise extend the time for filing a notice of appeal. See United States v. Reyes, 759 F.2d 351, 353 (4th Cir.), cert. denied, 474 U.S. 857 (1985); United States v. Schuchardt, 685 F.2d 901 (4th Cir.1982).
 
 
 3
 While Hudson could have appealed the district court's order of May 21, 1993,* his notice of appeal from the judgment and commitment order was ineffective because it was filed well beyond the forty-day period following the entry of judgment on November 15, 1991.
 
 
 4
 We therefore dismiss the appeal for lack of jurisdiction. The government's motion to supplement the record on appeal with a transcript of the guilty plea hearing is denied. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 DISMISSED
 
 
 *
 The district court correctly found that it lacked authority to alter Hudson's sentence. See United States v. Fraley, 988 F.2d 4 (4th Cir.1993)