21 F.3d 425
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Susie Freeman CHAPMAN, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Susie Freeman CHAPMAN, Defendant-Appellant.
 Nos. 93-5590, 93-5598.
 United States Court of Appeals, Fourth Circuit.
 Submitted: March 17, 1994.
Decided: April 5, 1994.
 
 Appeals from the United States District Court for the Southern District of West Virginia, at Parkersburg. Charles H. Haden, II, Chief District Judge. (CR-93-33-6)
 C. Blaine Myers, Burk, Myers & Zivkovich, Parkersburg, West Virginia, for Appellant.
 Rebecca A. Betts, United States Attorney, Kelly D. Ambrose, Assistant United States Attorney, Charleston, West Virginia, for Appellee.
 S.D.W.Va.
 AFFIRMED IN PART AND DISMISSED IN PART.
 Before PHILLIPS and LUTTIG, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Susie Freeman Chapman entered a guilty plea to one count of aiding and abetting bank fraud, 18 U.S.C.A. Sec. 1344 (West Supp.1993), 18 U.S.C. Sec. 2 (1988). She appeals her fourteen-month sentence,[1] asserting that the district court erroneously awarded her two criminal history points for committing the offense while under a sentence of probation. United States Sentencing Commission, Guidelines Manual, Sec. 4A1.1(d) (Nov.1992). She also contends that the court erred in denying her post-judgment motion for a departure below the guideline sentence although no appeal was filed from the order denying her motion. We affirm in part and dismiss in part.
 
 
 2
 Chapman's three-year sentence of probation for a prior offense began on September 24, 1990, and was due to expire on September 24, 1993. The instant offense was committed in December 1992 and January 1993, and the probation officer accordingly recommended a sentence calculation which included two criminal history points under guideline section 4A1.1(d). Chapman argued in the district court that she was not under active supervision at the time of the instant offense because she had moved to an area where contact with her probation officer was difficult and infrequent. She asserted that she believed her probation had terminated. The district court found that the points were correctly given. Because Chapman was in fact under a sentence of probation when she committed the bank fraud, we find that the district court correctly awarded her two criminal history points under guideline section 4A1.1.
 
 
 3
 More than a month after she was sentenced, Chapman filed a motion under Fed.R.Crim.P. 35(b) and 18 U.S.C.A.Sec. 3553(b) (West Supp.1993) requesting that her sentence be modified to house arrest because she had been diagnosed with cervical cancer and required surgery. On September 15, 1993, the district court denied her motion on the merits.[2] Chapman did not appeal this order. We therefore lack jurisdiction to consider whether the court acted properly. Fed. R.App. P. 4(b).
 
 
 4
 Accordingly, we affirm the sentence imposed by the district court. The portion of Chapman's appeal which concerns the district court's order denying modification of her sentence is dismissed for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED IN PART; DISMISSED IN PART
 
 
 [1]
 The two consolidated appeals are both from the judgment entered July 26, 1993
 
 
 [2]
 We note that the district court lacked authority to alter the sentence on the ground urged by Chapman. United States v. Fraley, 988 F.2d 4, 7 (4th Cir.1993)