54 F.3d 774
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
James Craig GOULDEN, Defendant-Appellant.
 No. 94-5389.
 United States Court of Appeals, Fourth Circuit.
 Submitted: April 25, 1995.
Decided: May 17, 1995.
 
 Frank Salvato, Alexandria, VA, for Appellant. Helen F. Fahey, United States Attorney, James L. Trump, Assistant United States Attorney, Laura Pellatiro Tayman, Assistant United States Attorney, Norfolk, VA, for Appellee.
 Before WILKINS and HAMILTON, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 James Craig Goulden pled guilty to participating in a conspiracy to distribute marijuana and to possess marijuana with intent to distribute, 21 U.S.C.A. Sec. 846 (West Supp.1994), and was sentenced to a term of 63 months. Goulden admitted that the conspiracy lasted from the spring of 1988 until May 1993. He had previously been arrested in April 1991 by state police in Arlington, Virginia, and charged with possession of marijuana with intent to distribute. Goulden served eighteen months in state prison before he was paroled. Within a few months, he was arrested again and indicted on the federal conspiracy charge. As part of his plea agreement, Goulden waived his right to appeal his sentence. However, ten days after sentence was imposed he filed a motion to correct sentence which was denied. The district court subsequently denied Goulden's motion to reconsider. Goulden appeals this order. We affirm.[1]
 
 
 2
 Because Goulden's prior state conviction was for conduct which was part of the conspiracy, it was not counted as criminal history. USSG Sec. 4A1.2(a)(1), comment. (n.1) (prior sentence for criminal history computation means sentence for conduct which is not part of instant offense).[2] Instead, the conduct which resulted in the state conviction was treated as relevant conduct. The district court rejected Goulden's request that his sentence be reduced by eighteen months under guideline section 5G1.3(b) to give him credit for the time he served in state prison, finding that such credit was for the Attorney General to determine. See United States v. Wilson, 60 U.S.L.W. 4244, 4246 (U.S.1992). On November 19, 1993, the district court imposed a sentence of 63 months, the bottom of the guideline range.
 
 
 3
 On November 29, 1993, Goulden filed a motion to correct sentence under Fed.R.Crim.P. 35. In a later supplemental motion, he asserted that the district court should have adjusted his sentence under guideline section 5G1.3(b) to account for the time he had already served as a result of conduct taken into account in determining his sentence for the instant offense. After a hearing, the district court decided that section 5G1.3(b) did not apply because Goulden had not been serving an undischarged term of imprisonment when he was sentenced on the federal conspiracy charge.
 
 
 4
 In May 1994, after receiving notice from the Bureau of Prisons that he would not be given credit for the eighteen months he had served, Goulden filed a motion to reconsider. He asked the district court to either (1) grant him credit for the eighteen months he served, (2) reduce his sentence under section 5G1.3(b) or depart under section 5K2.0, or (3) correct his sentence under 28 U.S.C. Sec. 2255. After a second hearing, the district court decided that section 5G1.3(b) did not apply in Goulden's case, that there were no grounds for departure, that the original sentence was correct, and that Sec. 2255 could not be used to attack the application of the guidelines. The court denied Goulden's motion.
 
 
 5
 The district court did not err in denying Goulden's Rule 35 motion or his motion to reconsider because the district court lacked the authority to change the sentence under either Rule 35 or Sec. 2255. Under Rule 35(c), a district court has the authority to correct arithmetical, technical, or other clear errors which would almost certainly result in a remand under Rule 35(a). The court must act to correct the error within seven days after the imposition of the sentence. See United States v. Fraley, 988 F.2d 4, 6-7 (4th Cir.1993) (quoting advisory committee's notes to Rule 35 (1991 Amendment)). Because Goulden's motion was filed after the seven days had elapsed, the district court by that time had no authority to change his sentence. The only other circumstances under which the district court may alter a sentence once it is imposed are: (1) on remand from the court of appeals under Rule 35(a), or (2) on motion of the government within a year after sentencing under Rule 35(b) for substantial assistance provided by the defendant after sentencing. Neither circumstance was present here.
 
 
 6
 A plainly illegal sentence may be challenged under Sec. 2255. However, non-constitutional claims such as improper application of the guidelines which could have been raised on direct appeal, but were not, may not be raised in collateral proceedings. See United States v. Emanuel, 869 F.2d 795, 796 (4th Cir.1989) (alleged failure to comply with Rule 32 waived when not raised on direct appeal).[3]
 
 
 7
 Because the district court lacked authority to alter Goulden's sentence, we affirm the district court's order denying Goulden's motion to reconsider the court's prior order denying his Rule 35 motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 The government asserts that the appeal should be dismissed because Goulden waived his right to appeal his sentence as part of his plea agreement. However, Goulden never appealed his sentence. The waiver provision does not appear to prevent him from appealing the district court's denial of his motion to reconsider its order denying his motion to correct sentence
 
 
 [2]
 However, Goulden received two criminal history points under guideline section 4A1.1(d) because part of his offense was committed while he was on parole
 
 
 [3]
 In his reply brief, Goulden argues that he was entitled to credit under 18 U.S.C.A. Sec. 3585(b) (West Supp.1994). However, such credit is only available for time spent in custody which has not been credited against another sentence. The 18 months Goulden served were credited against his state sentence. While he can pursue this claim under 28 U.S.C. Sec. 2241 (1988), he must first exhaust his administrative remedies. See Chua Han Mow v. United States, 730 F.2d 1308 (9th Cir.1984), cert. denied, 470 U.S. 1031 (1985); 28 C.F.R. # 8E8E # 542.10-542.16 (1994)