**UNITED STATES of America, Plaintiff,**

v.

**Richard R. GAINER, Defendant.**

**Criminal Action No. 90–40016–01–DES.**

United States District Court,
D. Kansas.

Aug. 7, 1996.

Charles D. Dedmon, Office of Federal Public Defender, Topeka, KS, for defendant.

Richard L. Hathaway, Office of United States Attorney, Topeka, KS, for the U.S.

## MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

This matter is before the court on the defendant's Motion to Release or Reduce Term of Supervised Release (Doc. 120).

On August 3, 1990, Mr. Gainer pled guilty to one count of conspiracy to possess with the intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1). On October 17, 1990, the court sentenced the defendant to 168 months imprisonment and a term of five years supervised release. Following a grant by this court of his motion to vacate, set aside or correct sentence, Mr. Gainer was subsequently resentenced to sixty months imprisonment and five years supervised release.

Mr. Gainer was released from prison and began his term of supervised release on October 11, 1994. On March 1, 1995, the defendant filed a second motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. The court granted the defendant's motion on November 8, 1995. The government appealed, and on July 12, 1996, the United States Court of Appeals for the Tenth Circuit reversed the district court's decision.

The government argues that the effect of the court of appeals' order is to return the defendant to his original sentence. 18 U.S.C. § 3583(e)(1), however, permits the sentencing court, after considering certain factors, to terminate a term of supervised release and discharge a defendant at any time after the expiration of one year of supervised release, if the court is satisfied that such action is warranted by the conduct of the defendant and the interest of justice. The factors which the court must consider are the nature and circumstances of the offense and characteristics of the defendant, deterrence, protection of the public, whether rehabilitative or corrective training is needed, the guideline factors and range in effect at the time of sentencing, pertinent Sentencing Commission policy statements, and the need to avoid unwarranted sentencing disparities as compared with similar defendants convicted of similar conduct. *Id.; see also United States v. Chapman,* 827 F.Supp. 369, 371 (E.D.Va.1993). The district court has discretionary authority to terminate a defendant's term of supervised release, notwithstanding the fact that 21 U.S.C. § 841(b)(1) mandated imposition of supervised release at the time of the defendant's sentencing. *United States v. Spinelle,* 41 F.3d 1056, 1060 (6th Cir.1994).

The defendant served approximately thirteen months on supervised release before the court granted his § 2255 motion on November 8, 1995, and another nine months have passed since that time. The United States probation officer assigned to Mr. Gainer's case makes the following report to the court: "Richard Gainer's overall adjust-

ment to supervision was good. He reported in a timely manner while maintaining full-time employment and successfully completed the [Drug and Alcohol] Program on August 1, 1995. He attended college at the Johnson County Community College and was able to purchase rental property in Olathe, Kansas."

The court is satisfied, after considering the factors as set forth in 18 U.S.C. § 3583(e)(1), that termination of Mr. Gainer's term of supervised release is warranted by the conduct of the defendant and the interest of justice.

**IT IS THEREFORE BY THE COURT ORDERED** that the defendant's Motion to Release or Reduce Term of Supervised Release (Doc. 120) is granted.

**IT IS FURTHER ORDERED** that the defendant's previously imposed period of supervised release is terminated.