UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 95-5695

WANDA BREEDEN,
Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of West Virginia, at Wheeling.
Frederick P. Stamp, Jr., Chief District Judge.
(CR-94-30135)

Submitted: August 22, 1996

Decided: September 12, 1996

Before RUSSELL, HALL, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Elgine H. McArdle, PHILLIPS, GARDILL, KAISER & ALT-
MEYER, Wheeling, West Virginia, for Appellant. William D. Wil-
moth, United States Attorney, Paul T. Camilletti, Assistant United
States Attorney, Wheeling, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Wanda Breeden pled guilty to aiding and abetting the distribution of crack cocaine within 1000 feet of a school, 18 U.S.C. § 2 (1988), 21 U.S.C.A. §§ 841, 860 (West 1981 & Supp. 1996). She appeals her sentence, alleging that the district court erred in failing to make findings concerning a downward departure based on letters she submitted to the court two months after she was sentenced. We affirm.

Breeden did not request a downward departure at her sentencing hearing in August 1995. The district court sentenced her to 37 months imprisonment, the lowest point of her guideline range. In October 1995, Breeden wrote to the district court requesting a sentence of home confinement because of the hardship her imprisonment was causing her two teenage sons. Breeden's former employer also wrote the court that he would be happy to hire her again if she were on home detention. The court subsequently granted Breeden's motion to supplement the record on appeal with the two letters.

Breeden now contends that the district court erred in failing to make additional findings concerning the effect of the letters on the sentence previously imposed. We disagree. By not requesting a departure at the sentencing hearing, Breeden forfeited the issue. Most important, because the original sentence was not in error, once the district court unequivocally stated the sentence and imposed it, the court lacked authority to change it. Fed. R. Crim. P. 35(c); United States v. Fraley, 988 F.2d 4, 7 (4th Cir. 1993).

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

2