**UNITED STATES of America,**

**v.**

**Percy F. CLARK, Defendant.**

**Crim. Action No. 96–020–C.**

United States District Court,
W.D. Virginia,
Charlottesville Division.

June 26, 1998.

Thomas L. Eckert, U.S. Attorney's Office, Roanoke, VA, for U.S.

Kenneth Wayne Farrar, Lovingston, VA, Frederick Theodore Heblich, Jr., Parker, McElwain & Jacobs, P.C., Charlottesville, VA, Michael F. Jones, Baird & Jones, L.C., Salt Lake City, UT, for defendant.

### MEMORANDUM OPINION

MICHAEL, Senior District Judge.

This matter comes before the court on defendant's May 21, 1998 Motion for Stay of Designation and Reporting Date, or in the Alternative, to Vacate, Set Aside or Correct Sentence to Sentence Clark without Incarceration. Defendant argues that due to his

---

extremely poor health, he should serve his sentence in home confinement rather than prison, which defendant characterizes as a "death sentence." The court heard argument from both parties on the motion at a May 28, 1998 hearing. Pursuant to this court's instruction from the bench at the hearing and subsequent order, the parties filed briefs on the question of this court's jurisdiction to modify defendant's sentence several months after sentence was pronounced. On June 8, 1998 defendant filed a Supplemental Memorandum in support of its motion. On June 11, 1998 the government filed its Memorandum of Law on the question of jurisdiction to modify the sentence.

The parties appear now to be in agreement that the law does not grant this court jurisdiction to modify defendant's sentence at this point. Defendant acknowledges in his June 8 memorandum that a motion under 28 U.S.C. § 2255 is his "proper avenue" rather than seeking modification of sentence by this court.[1] The Government's Memorandum of Law more fully supports this undeniable conclusion that this court has no jurisdiction to modify the sentence as requested by defendant.

█ The court's authority to modify a sentence is extremely narrow. Only three circumstances exist in which modification is allowed: (1) upon motion of the Director of the Bureau of Prisons; (2) as permitted by statute or Federal Rule of Criminal Procedure 35 ("Rule 35"); (3) where the relevant sentencing guidelines have changed since sentence was imposed. *See* 18 U.S.C. § 3582(c)(1)(A), (1)(B), and (2). Neither the first nor third condition is present here. Therefore, the only relevant issue is whether modification is allowed by statute or Rule 35.

█ Under Rule 35, there are also only three possible situations allowing the court to modify a sentence: (a) upon remand after appeal; (b) upon motion of the Government; (c) within seven days after sentencing if

there was an arithmetical, technical, or other clear error. *See* Fed.R.Crim.P. 35(a)–(c). Of these three, neither (a) nor (b) applies to this case, leaving Rule 35(c) as the only possible authorization for modification. The period that has elapsed since Clark's sentencing far exceeds the seven days granted by Rule 35(c), as admitted by the parties. Courts have admitted no exceptions to this seven day limit. *See, e.g. U.S. v. Fraley,* 988 F.2d 4, 6 (4th Cir.1993) (the 1984 and 1991 amendments were intended to restrict "any corrections to the seven days following the imposition of sentence"); *see also U.S. v. Lopez,* 26 F.3d 512, 518–519 (5th Cir.1994) (the seven-day period imposed by Rule 35(c) is jurisdictional).

The only remaining window open to defendant is the reference in § 3582(c)(1)(B) allowing modification "to the extent otherwise expressly permitted by statute." Courts, including those in the Fourth Circuit, have repeatedly held that this window is very narrow if not closed shut altogether due to 1984 and 1991 amendments to Rule 35. *See id.* at 7 (authority to change a sentence extends only to cases of obvious error or mistake; Rule 35(c) does not allow a district court "simply to change its mind about the appropriateness of the sentence"); *see also, U.S. v. Cook,* 890 F.2d 672, 675 (4th Cir.1989) (district court does not have power to amend a sentence simply because it changes its mind).[2]

█ The only instance in which more than seven days are allowed for modification after imposition of sentence is "to correct an acknowledged and obvious mistake," and the period allowed for that correction is that allowed for either party to file notice of appeal. *See Cook,* 890 F.2d at 675. As defendant concedes in his June 8 Memorandum, the time for appeal in this case has passed.

█ The court is keenly aware of the unfortunate nature of the defendant's circumstances. In spite of those circumstances, this

---

1. Defendant in fact filed a 2255 motion on June 9, one day after filing his June 8 memorandum on the issue of jurisdiction to modify.

2. Rule 36, which allows for correction of clerical mistakes, has also been rejected by courts as a

potential ground for modification of sentence in the sense contemplated by § 3582. *See U.S. v. Lopez,* 26 F.3d 512, 515 n. 5 (5th Cir.1994) (citing other circuit court cases, including *U.S. v. Fraley,* 988 F.2d 4, 5–6 (4th Cir.1993)).

court's hands are tied. The court is, simply stated, without jurisdiction to modify the defendant's sentence as requested because of the time factor.