**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                    No. 97-4944

KENNETH BROWN, a/k/a Sugar Bear,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                    No. 97-5021

SAMUEL L. BROWN,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                    No. 97-5022

JAMES EDWARD BROWN, a/k/a JB,
Defendant-Appellant.

Appeals from the United States District Court
for the District of South Carolina, at Anderson.
G. Ross Anderson, Jr., District Judge.
(CR-97-170)

Submitted: November 24, 1998

Decided: December 17, 1998

Before LUTTIG and TRAXLER, Circuit Judges, and
HALL, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Robert G. Levitt, Denver, Colorado; Edward W. Miller, Greenville, South Carolina; William B. Long, Jr., Greenville, South Carolina, for Appellants. J. Rene Josey, United States Attorney, Scarlett A. Wilson, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

In these consolidated appeals, brothers Kenneth Brown, Samuel L. Brown, and James Edward Brown appeal their sentences. The three Appellants were charged, along with eight others, of various narcotics offenses as a result of a crack cocaine distribution network operating in South Carolina. The three Appellants pled guilty to one count of conspiracy to possess with intent to distribute cocaine and crack cocaine, 18 U.S.C. § 846 (1994), and one count of possession with intent to distribute crack cocaine, 18 U.S.C. § 841(a)(1) (1994). James Edward Brown also pled guilty to two additional counts of possession with intent to distribute crack cocaine under § 841(a)(1). Each Appellant challenges his sentence. Finding no reversible error, we affirm.

Kenneth Brown's base offense level under the Sentencing Guidelines was 38 due to his involvement with more than 1.5 kilograms of crack cocaine. See U.S. Sentencing Guidelines Manual § 2D1.1(c)(1) (1995). He was assessed a four-level enhancement as a leader and organizer of a narcotics conspiracy involving five or more participants. See USSG § 3B1.1. At sentencing, he did not object to the base

2

offense level and withdrew his objection to the four-level enhancement.

On appeal, Kenneth Brown contends that the court erred in accepting the findings and recommendations contained in the presentence investigation report ("PSI") insofar as it concerned the base offense level and the four-level enhancement. Because he failed to object in either instance, we review for plain error. See United States v. Grubb, 11 F.3d 426, 440 (4th Cir. 1993) (absent plain error, appellate review of a sentence is waived when the defendant fails to object to the sentence calculation in the district court).

Kenneth Brown further contends that his base offense level is too high. He claims his base offense level should be based upon the same amount of crack cocaine charged to his brothers, which would result in a base offense level of 36.[1] In the PSI, Kenneth Brown was reported to be the leader of the drug conspiracy that was responsible for distributing multi-kilograms of crack cocaine. Kenneth Brown's extensive involvement in the conspiracy was detailed in the PSI. He was directly involved in the distribution of at least 2 kilograms of crack cocaine. The fact that his brothers were found to have been involved with less crack cocaine is not relevant because Kenneth Brown's role in the conspiracy was different. Furthermore, he did not have an agreement with the Government regarding the base offense level.

Because Kenneth Brown did not object, and because there was no evidence rebutting the PSI's findings regarding the amount of crack cocaine for which he was responsible, the district court was permitted to adopt the PSI's findings and recommendations. See United States v. Love, 134 F.3d 595, 606 (4th Cir.) (unless there is an affirmative showing that the information is inaccurate, the court may adopt the findings of the PSI without more specific inquiry or explanation), cert. denied, ___ U.S. ___, 66 U.S.L.W. 3790 (U.S. June 15, 1998)

_____

[1] Samuel Brown's base offense level was 36, based upon six ounces of crack cocaine. The Government stipulated to a base offense level of 36 for James Brown based on his involvement with no more than 1.5 kilograms of crack cocaine.

3

(No. 97-9085). Thus, we find no error in Kenneth Brown's base offense level.

Likewise, there was no error in the four-level enhancement based on Kenneth Brown's role in the offense. The Sentencing Guidelines provide for a four-level enhancement "[i]f the defendant was an organizer or leader of criminal activity that involved five or more participants or was otherwise extensive." USSG § 3B1.1(a). In making this determination, the court should consider

> the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

USSG § 3B1.1, comment. (n.4).

According to the PSI, Kenneth Brown qualified for the four-level enhancement because he employed four other persons to assist in the distribution network, including his two brothers, and he used his home as a distribution point for the crack cocaine. Because he failed to object to the enhancement, the court was within its discretion to adopt the PSI's findings and recommendation regarding the four-level enhancement.

With regard to Samuel Brown, the court determined that his statutory minimum sentence was twenty years based on a prior state conviction for possession of crack cocaine. See 21 U.S.C. § 841(b)(1)(A).[2] Samuel Brown contends that the sentence violated the Ex Post Facto Clause.

_____

[2] Section 841(b)(1)(A) states in relevant part: "If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 20 years and not more than life imprisonment."

Prior to James and Samuel Brown's guilty plea, the Government gave notice that it was intending to seek enhanced sentences under § 841(b)(1)(A) based on prior felony drug convictions. Samuel Brown objected to the enhancement, contending that his prior state conviction did not meet the definition of a felony drug conviction. At sentencing, the court denied the application of the enhancement as to both defendants and sentenced Samuel Brown to 151 months' imprisonment. Subsequently, citing Fed. R. Crim. P. 35(c), the court recognized its error and ordered a hearing for resentencing of both defendants. At resentencing, Samuel Brown admitted to the prior drug conviction. The court stated that it did not have any discretion in the matter and sentenced him to 20 years' imprisonment.

In April 1993, Samuel Brown pled guilty in a South Carolina state court to possession of crack cocaine. Although he was sentenced to two years' imprisonment for the offense, the state classified the conviction as a misdemeanor. In April 1993, possession of crack cocaine was also a misdemeanor under federal law. See 21 U.S.C. § 844 (1994). Also in April 1993, a felony drug offense for sentencing enhancement purposes was defined as "an offense that is a felony under any provision of this subchapter or any other Federal law that prohibits or restricts conduct relating to narcotic drugs . . . or a felony under any law of a State." 21 U.S.C. § 841(b)(1)(a) (repealed by Violent Crime Control and Law Enforcement Act of 1994, Pub. L. No. 103-322, 108 Stat. 1987, § 90105) ("VCCLEA"). In 1994, Congress redefined felony drug offense as "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State." VCCLEA, 108 Stat. 1988,§ 90105 (codified at 21 U.S.C.A. § 802(44) (West Supp. 1998)).

Samuel Brown contends that using the current definition of felony drug offense to statutorily enhance his sentence instead of using the definition in place in 1993, when he pled guilty to the state offense, violates his protection against ex post facto application of the law. The Ex Post Facto Clause prohibits retroactively altering the definition of crimes or increasing the punishment for criminal acts. See California Dep't of Corrections v. Morales, 514 U.S. 499, 504 (1995). Recently the circuit court for the District of Columbia rejected an identical ex post facto argument in an appeal with very similar facts. See United States v. Glover, 153 F.3d 749, 757-58 (D.C. Cir.

5

1998). The Court noted that it "is well-settled .. . that a sentencing enhancement based on past offenses is not `additional penalty for the earlier crimes,' but rather `a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one.'" Id. at 757 (quoting Gryger v. Burke, 334 U.S. 728, 732 (1948)).

We find Glover persuasive. The 1994 definition of felony drug offense did not increase Samuel Brown's punishment for prior criminal conduct. Rather, it put him on notice that he faced more severe consequences if he committed an offense under § 841. Accordingly, enhancing Samuel Brown's sentence based on the prior offense did not violate the Ex Post Facto Clause.

James Brown contends that if this Court finds Samuel Brown's ex post facto argument persuasive and reduces Samuel's sentence accordingly, then his sentence should be reduced as well even though the argument does not directly apply to his sentence,[3] otherwise there would be an unconstitutional disparity in sentencing. We have rejected the ex post facto argument. In any event, this contention is without merit.

James Brown also contends that under USSG § 5K2.0, the court should have sua sponte sentenced him below the statutory twenty-year minimum sentence. Our review is for plain error because he did not raise this issue before the district court. See Grubb, 11 F.3d at 440. James Brown does not state any reason why he is entitled to a lower sentence other than the sentencing court's implied dissatisfaction with the statutory minimum sentence because of its initial refusal to enhance the sentence. The court's dissatisfaction with a statutorily mandated minimum sentence is not grounds for imposing a lower sentence. See United States v. Davis, 98 F.3d 141, 145-46 (4th Cir. 1996), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3630 (U.S. Mar. 17, 1997) (No. 96-7755). Thus, we find the court did not err in not departing from the minimum sentence.

_____

[3] James Brown's predicate offense was a felony when he pled guilty to it, thus, he was eligible for the sentencing enhancement under either definition of a felony drug conviction.

6

Finally, James Brown contends the court erred by ordering resentencing under Fed. R. Crim. P. 35(c) because the initial sentence was lawful. Under Rule 35(c), a district court has the authority to correct clear errors which would almost certainly result in a remand under Rule 35(a). See United States v. Fraley, 988 F.2d 4, 7 (4th Cir. 1993). At resentencing, the court noted that it was unaware of the statutory enhancement and originally denied the enhancement because it thought the Government was seeking the enhancement under USSG § 4A1.3 (permitting the court to depart from the Sentencing Guidelines range if the defendant's criminal history category does not adequately reflect the seriousness of past criminal conduct). However, the court stated that the original sentence was an"error of law." Because there was no basis upon which to sentence James Brown below the statutory minimum, see, e.g., USSG § 5C1.2; United States v. Patterson, 38 F.3d 139, 146 n.8 (4th Cir. 1994), the original sentence was clearly in error and would have been remanded on appeal.

We affirm the sentences. We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

7