**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-6939

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DERRICK RAY CHAVIS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  Louise W. Flanagan, Chief District Judge.  (CR-04-67)

Submitted:  January 20, 2006        Decided:  February 8, 2006

Before LUTTIG, GREGORY, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James B. Craven, III, Durham, North Carolina, for Appellant.  Frank D. Whitney, United States Attorney, Anne M. Hayes, Christine Witcover Dean, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Derrick Ray Chavis appeals the district court's order denying his motion for correction of judgment, filed pursuant to Fed. R. Crim. P. 36. Chavis pleaded guilty, pursuant to a plea agreement, to one count of conspiracy to distribute and possess with intent to distribute more than fifty kilograms of cocaine and more than fifty grams of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2000). The district court granted the Government's motion for a downward departure and imposed a sentence of 101 months of imprisonment. In accordance with this court's recommendation in United States v. Hammoud, 378 F.3d 426 (4th Cir. 2004) (order), opinion issued by 381 F.3d 316 (4th Cir. 2004) (en banc), vacated, 125 S. Ct. 1051 (2005), the court also stated an alternate sentence of ninety months of imprisonment. Chavis did not appeal his conviction or sentence. In March 2005, after the period for filing an appeal expired, Chavis filed a motion for correction of judgment, in which he sought to have the lower alternate sentence implemented. The district court concluded that Rule 36 did not provide authority to modify Chavis's sentence, and that the court did not otherwise have jurisdiction to implement the alternate sentence, and denied Chavis's motion. We affirm.

This court has previously considered the authority of a district court to modify a sentence under Rules 35 and 36. United States v. Fraley, 988 F.2d 4 (4th Cir. 1993). Our review of the

record leads us to conclude that, as in <u>Fraley</u>, here there was no clerical error in the judgment, and "[w]hen the district court unequivocally states a sentence and then imposes it, and the sentence is not the product of error, the district court has no authority to alter that sentence." <u>Id.</u> at 7. Chavis's assertion that the phrasing of the district court's alternate sentence was erroneous because the words "unconstitutional in their entirety" exceeded the scope of this court's recommendation in <u>Hammoud</u> is meritless.

We therefore affirm the district court's order denying Chavis's motion for correction of judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>