**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-4242**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MARLON BRADFORD SUMMERVILLE,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  James C. Cacheris, Senior District Judge.  (1:03-cr-00462-GBL)

Submitted:  May 11, 2007                    Decided:  June 15, 2007

Before MICHAEL, MOTZ, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jeffrey D. Zimmerman, THE LAW OFFICE OF JEFFREY D. ZIMMERMAN, Alexandria, Virginia, for Appellant.  Chuck Rosenberg, United States Attorney, Jonathan T. Baum, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marlon Bradford Summerville was indicted for conspiracy to possess with intent to distribute and to distribute fifty grams or more of cocaine base within 1000 feet of a school, in violation of 21 U.S.C. §§ 841(a)(1), 846 and 860 (2003). On June 30, 2004, a jury convicted Summerville, but found him guilty of conspiracy to distribute and possess with intent to distribute less than five grams of cocaine within 1000 feet of a school. On July 9, 2004, Summerville moved for judgment of acquittal pursuant to Fed. R. Crim. P. 29. The district court denied the motion during the September 10, 2004 sentencing hearing. The court sentenced Summerville to 110 months imprisonment, but in accordance with this court's decision in United States v. Hammoud, 381 F.3d 316, 353 (4th Cir. 2004) (en banc), vacated by 543 U.S. 1097 (2005), announced that if the guidelines were invalidated, Summerville's alternative sentence would be eighty-four months in prison. The court entered its judgment and order denying Summerville's Fed. R. Crim. P. 29 motion on September 13 and 15, 2004. The judgment erroneously recited that the jury found the defendant guilty of conspiracy to possess with intent to distribute fifty grams or more of cocaine base within 1000 feet of a school, instead of five or less grams. Summerville did not appeal his conviction or sentence.

In July 2005, Summerville filed a pro se motion in the district court seeking the imposition of the alternative sentence

of eighty-four months, in light of the decision in <u>United States v. Booker</u>, 543 U.S. 220 (2005). On August 5, 2005, counsel for Summerville filed a Fed. R. Crim. P. 36 motion, asking the court to correct its judgment to reflect the jury's finding of five grams or less of cocaine and seeking to have the lesser alternative sentence implemented. The district court agreed that the jury found Summerville guilty of the lesser amount of cocaine base and stated that it would correct the judgment, but took Summerville's request for the imposition of the alternative sentence under advisement.

On February 15, 2006, the court entered its order granting Summerville's motion to correct the clerical error in the judgment, and denying his request for the court to impose the lesser alternative sentence. The district court concluded it was inappropriate to modify Summerville's sentence because there was no indication in the record that the court considered the 18 U.S.C. § 3553(a) factors in formatting its alternative sentence and accordingly, the alternative sentence was not in compliance with <u>Booker</u> or <u>United States v. Hughes</u>, 401 F.3d 540, 546 (4th Cir. 2005). Therefore, on February 14, 2006, the court granted in part and denied in part Summerville's Rule 36 motion. Summerville timely appealed the February 14, 2006 order.

Under Rule 36, a district court may correct clerical errors in the judgment or errors in the record arising from oversight or omission. The district court correctly granted the

- 3 -

Rule 36 motion as to the error regarding the drug quantity for which Summerville was convicted. We conclude, however, that the district court was without jurisdiction to consider that aspect of the Rule 36 motion seeking implementation of the lesser alternative sentence.

Summerville did not appeal his conviction or sentence, and he may not seek to raise a <u>Booker</u> sentencing claim through a Rule 36 motion. The district court does not possess the authority to modify a sentence under Rule 36, <u>United States v. Fraley</u>, 988 F.2d 4 (4th Cir. 1993), nor does <u>Booker</u> provide a jurisdictional vehicle to activate the lesser alternative sentence. The <u>Hammoud</u> decision provided district courts with the power to announce alternative sentences and nothing more. While such an alternative sentence plays a role during a resentencing required by <u>Booker</u>, <u>Booker</u> applies only to cases that were pending on appellate review when it was decided. Because Summerville did not appeal his original sentence, his case was not pending on direct review when <u>Booker</u> was decided. <u>Booker</u> thus does not provide a jurisdictional means by which to impose the lesser alternative sentence.

Implicit in the district court's announcement of an alternative sentence was the necessity for Summerville to file a timely notice of appeal in order to preserve his right to contest his sentence and to have the alternative sentence imposed. To the

extent that Summerville now wishes to challenge his conviction and sentence, the appeal period has long expired.

Because the district court lacked jurisdiction to consider the merits of Summerville's arguments pertaining to the alternative sentence, we affirm that aspect of the district court's order on modified grounds to reflect its denial of the Fed. R. Crim. P. 36 motion for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>