**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-4697

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ROBERT THOMAS MOON,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, District Judge.  (5:04-cr-00380-BO-1)

Submitted:  January 13, 2023                     Decided:  October 23, 2023

Before HARRIS and RUSHING, Circuit Judges, and MOTZ, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** G. Alan DuBois, Federal Public Defender, Andrew DeSimone, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Kenneth A. Polite, Jr., Assistant Attorney General, Lisa H. Miller, Deputy Assistant Attorney General, Finnuala K. Tessier, Appellate Section, Criminal Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; Michael F. Easley, Jr., United States Attorney, David Bragdon, Appellate Chief, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In June 2005, Robert Moon pleaded guilty to possessing a firearm while a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(2)(B).  After serving his prison sentence, Moon began his five-year term of supervised release.  While on supervised release, Moon communicated threats to kill C.H. and his children.  The probation office filed a petition to revoke Moon's supervised release and the district court issued an arrest warrant.  While Deputy United States Marshals were executing the warrant, Moon threatened to assault the arresting Deputy Marshals and his probation officers.  The probation office amended its revocation petition to allege that Moon (1) communicated threats to his federal and state probation officers and the Deputy United States Marshals who arrested him, (2) communicated threats to C.H., and (3) was $550.00 in arrears on payment of his court fine.

The district court held a two-day revocation hearing during which Moon admitted the violations. The court revoked Moon's supervised release and imposed a statutory maximum sentence of 60 months in prison.  After imposing the incarceration sentence, the judge asked the probation officer whether an additional supervised release term was permitted.  When the probation officer affirmed that it was and neither party objected, the district court imposed a 60-month term of supervised release to follow the term of incarceration.  Moon appealed.

Eleven days later, the government moved to amend the judgment pursuant to Federal Rule of Criminal Procedure 35(a), noting that the district court, having imposed a 60-month revocation sentence, did not have authority to impose an additional term of

2

supervised release.  Moon opposed the motion, arguing the issue was inappropriate for resolution via Rule 35(a).  The next day, the district court entered an order concluding that imposition of the supervised release term on top of the maximum incarceration term was clear error and correcting Moon's sentence by removing the term of supervised release. Moon appealed the amended order.

On appeal, Moon first contends that the district court did not have the authority to correct his sentence under Rule 35(a).  Rule 35(a) allows a sentencing court to "correct a sentence that resulted from arithmetical, technical, or other clear error" within 14 days after sentencing.  Fed. R. Crim. P. 35(a).  Rule 35(a) "extend[s] only to those cases in which an obvious error or mistake has occurred in the sentence, that is, errors which would almost certainly result in a remand of the case to the trial court." *United States v. Fraley*, 988 F.2d 4, 7 (4th Cir. 1993) (internal quotation marks omitted).  There is no doubt that the sentence originally imposed here was clear error.  The district court had authority to correct that error under Rule 35(a).

Next, Moon challenges the procedural reasonableness of his revocation sentence. "A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Chapter Seven policy statement range," the "applicable [18 U.S.C.] § 3553(a) sentencing factors," and "any potentially meritorious arguments raised by the parties." *United States v. Patterson*, 957 F.3d 426, 436–437 (4th Cir. 2020) (internal quotation marks omitted).  We have reviewed the record and are satisfied that there is no reversible error.  The district court considered Moon's nonfrivolous arguments, based its sentence on permissible considerations, and did not rely

3

on clearly erroneous facts.  Even assuming the district court erred in determining the violation grade, which we do not decide, any error was harmless in view of the district court's explanation that it would impose the same reasonable sentence regardless of the advisory sentencing range.  Accordingly, we affirm Moon's revocation sentence.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*