**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 96-4291

GENE AUTREY SMITH, JR.,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 96-4343

PAMELA SUE HARRIS,
Defendant-Appellant.

Appeals from the United States District Court
for the Western District of Virginia, at Danville.
Jackson L. Kiser, Senior District Judge.
(CR-95-89-D)

Submitted: May 1, 1997

Decided: May 12, 1997

Before WIDENER and MURNAGHAN, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

No. 96-4291 affirmed and No. 96-4343 affirmed in part and dismissed
in part by unpublished per curiam opinion.

_____

**COUNSEL**

Rena G. Berry, Roanoke, Virginia; Gilbert K. Davis, Fairfax, Virginia, for Appellants. Robert P. Crouch, Jr., United States Attorney, Anthony P. Giorno, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Gene Autrey Smith, Jr., and Pamela Sue Harris pled guilty to conspiracy to possess cocaine and cocaine base ("crack") with intent to distribute, 21 U.S.C. § 846 (1994). Smith stipulated that he was responsible for one kilogram of cocaine and was sentenced to a term of 60 months imprisonment. He contends on appeal that the district court clearly erred in finding that he had not accepted responsibility, USSG § 3E1.1,[1] and that he did not qualify for a sentence under the safety valve provision. See 18 U.S.C. § 3553(e) (1994); USSG § 5C1.2.

Harris also pled guilty to engaging in a continuing criminal enterprise, 21 U.S.C.A. § 848 (West Supp. 1997), as well as five counts of possession of cocaine with intent to distribute, 21 U.S.C. § 841 (1994), and one count of criminal forfeiture, 21 U.S.C.A. § 853 (West Supp. 1997). After sentence was imposed, the district court denied her motion for reconsideration. Harris seeks to appeal her 150-month sentence, alleging that the district court misapplied USSG § 5K1.1 in determining the extent of the substantial assistance departure she received. She also appeals from the district court's order denying

_____

[1] United States Sentencing Commission, Guidelines Manual (Nov. 1995).

2

reconsideration of her sentence. We affirm Smith's sentence, dismiss Harris' appeal of her sentence, and affirm the district court's order denying reconsideration.

I. <u>Smith</u>

Smith admitted, in a written statement to police before his arrest and again when he entered his guilty plea, that on two occasions in 1995 he supplied Harris with a half-kilogram of cocaine. In his post-plea interview with the probation officer, however, Smith categorically denied any involvement with Harris. He maintained that recorded telephone calls in which he and Harris discussed the price of jewelry items did not concern drugs, but rather, Harris' efforts to recover jewelry which had been stolen from her. At his sentencing hearing, Smith said he had been confused when he spoke to the probation officer. He again admitted supplying Harris with cocaine, and said she had told him to speak in code about jewelry when discussing the cocaine transaction on the telephone. He also testified that he did not know Harris and did not know why she approached him for drugs. Harris testified at the hearing that she met Smith in 1993 through Mike Griffin and Marcus Hall, two co-defendants, and that she bought cocaine from him on three occasions when she could not get it from her usual source. She confirmed that their recorded conversations about jewelry were intended to conceal the drug trafficking.

The district court found that Smith had not been truthful with the probation officer and had not been entirely truthful during the sentencing hearing. Consequently, the court denied him a reduction for acceptance of responsibility and also found that he had not fulfilled the fifth requirement for a sentence below the statutory minimum pursuant to the safety valve provision: that by the time of sentencing the defendant truthfully provide "to the government all information and evidence [he] has concerning the offense or offenses that were part of the same course of conduct or common scheme or plan." 18 U.S.C. § 3553(f)(5); USSG § 5C1.2(5).

Under USSG § 3E1.1, a defendant may receive a two- or three-level reduction if he demonstrates by a preponderance of the evidence that he has accepted responsibility for his offense. A principal factor to be considered is the defendant's truthful admission of the conduct

3

comprising the offense. USSG § 3E1.1, comment. (n.1(a)). We review the district court's factual determination as to whether the defendant has accepted responsibility under the clearly erroneous standard. United States v. Nale, 101 F.3d 1000, 1004 (4th Cir. 1996).

Smith asserts that he demonstrated his acceptance of responsibility by giving a statement describing his criminal conduct to police, surrendering voluntarily to authorities, and pleading guilty. He contends that his lie to the probation officer was not enough to deprive him of the adjustment. While a guilty plea is significant evidence of acceptance of responsibility, it is not determinative and may be outweighed by conduct inconsistent with acceptance of responsibility. USSG § 3E1.1, comment. (n.3); Nale, 101 F.3d at 1005. Because of Smith's lie to the probation officer and his attempt to minimize his involvement at sentencing, we cannot say that the district court clearly erred in denying him the adjustment.

We find no merit either in Smith's claim that he was improperly denied a sentence under the safety valve provision. [2] A defendant has the burden of proving that he has met the prerequisites and, with regard to the last requirement, must make an affirmative effort to disclose fully all the information in his possession. United States v. Ivester, 75 F.3d 182, 184-85 (4th Cir.), cert. denied, ___ U.S. ___, 64 U.S.L.W. 3837 (U.S. June 17, 1996) (No. 95-8998). Smith's about-face following his guilty plea prevented him from meeting the necessary criteria for a sentence below the statutory minimum.

II. Harris

Harris was subject to a statutory minimum sentence of 240 months. Her guideline range was 168-210 months. Because she provided substantial assistance in the investigation and prosecution of several co-defendants, the district court departed downward on the government's motion and imposed a sentence of 150 months. Harris contends on appeal that the district court improperly applied the guideline by limiting her departure to give her a longer sentence than co-defendant Joseph Scott Higgins, thus penalizing her for Higgins' failure to coop-

_____

[2] Smith's guideline range was 51-63 months. The statutory minimum sentence was 60 months.

4

erate. An appeals court lacks jurisdiction to review the sentencing court's decision concerning the extent of a departure in the defendant's favor unless the resulting sentence is imposed in violation of law or the guidelines have been incorrectly applied. United States v. Hill, 70 F.3d 321, 324-25 (4th Cir. 1995). Here, Harris' claim is factually unsupported because the district court explicitly stated that Harris' sentence was not influenced in any way by the sentence Higgins received. Moreover, the court may consider factors apart from the defendant's assistance in determining the extent of a substantial assistance departure. Id. We discern no basis for review of the district court's decision.

Harris moved for reconsideration of her sentence in the district court, asking the court to "take another look" at the quality of her assistance. A hearing was held and the motion was denied on the merits. We affirm the court's order denying reconsideration, but note that the court lacked authority to alter the sentence on the ground urged by Harris. See Fed. R. Crim. P. 35; United States v. Fraley, 988 F.2d 4, 6-7 (4th Cir. 1993).

We therefore affirm Smith's sentence and dismiss Harris' appeal of her sentence. We affirm the district court's order denying reconsideration of Harris' sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

No. 96-4291 - AFFIRMED
No. 96-4343 - AFFIRMED IN PART AND
DISMISSED IN PART

5